233 So.2d 444 (1970)
GEIGER MUTUAL AGENCY, INC., a Florida Corporation, Appellant,
v.
Louella F. WRIGHT, Roy E. Miller and Genevieve Miller, His Wife, D/B/a Miller's Bakery, Standard Brands Sales Company, Inc., a Corporation, and Berger & Rachelson, Inc., a Florida Corporation, Appellees.
No. 69-326.
District Court of Appeal of Florida, Fourth District.
March 30, 1970.
*445 William Murrell, Jr., Orlando, for appellant.
Robert H. Roth, of Roth, Segal & Levine, Orlando, for appellee Louella F. Wright.
CROSS, Chief Judge.
Appellant-defendant, Geiger Mutual Agency, Inc., a chattel mortgagee, appeals a final judgment entered in favor of the plaintiff-appellee, Louella F. Wright, a lessor, in an action to evict a tenant and to impress and foreclose a landlord's lien for rent. We reverse.
On January 31, 1966, the plaintiff, Louella F. Wright, leased a store building to one Roy E. Miller and Genevieve Miller, his wife, doing business as Miller's Bakery. The lease, which was not recorded, was for a term of five years commencing February 1, 1966.
On January 10, 1968, a chattel mortgage on personal property located upon the leased premises was executed by the Millers to the defendant, Geiger Mutual Agency, Inc. This chattel mortgage was recorded on January 12, 1968.
On October 1, 1968, the Millers failed to pay the monthly rent. This default continued until January 1969, when the plaintiff, Louella F. Wright, commenced proceedings to evict the Millers from the leased premises and to impress and foreclose a landlord's lien for rent. Geiger Mutual Agency, Inc., was made a party defendant as having or claiming to have some interest in the personal property on which plaintiff sought to impose and foreclose a landlord's lien as the result of the chattel mortgage executed by the Millers to Geiger Mutual on January 10, 1968.
Geiger Mutual, in answer to the amended complaint, generally denied the allegations *446 of the complaint, except as to paragraph 15 of count two which was admitted. Count two, paragraph 15 of the amended complaint is as follows:
"15. The Defendant, GEIGER MUTUAL ACENCY, INC., has or claims to have some interest in the chattels which are subject to the Plaintiff's lien by virtue of that certain chattel mortgage dated January 10, 1968 and recorded January 12, 1968 in O.R. Book 1697, page 753, Public Records of Orange County, Florida. The chattels described on said mortgage were already on the premises described above at the time said mortgage was given to said Defendant. Whatever interest said GEIGER MUTUAL AGENCY, INC. has is subject and inferior to the Plaintiff's lien claimed herein." (Emphasis added.)
Pretrial procedures having been completed, plaintiff moved for summary judgment. A default judgment had been previously entered against the Millers for failure to answer or otherwise plead to the complaint within the time allowed. In opposition to plaintiff's motion for summary judgment Geiger Mutual filed an affidavit of one Dewey O. Greene, who merely asserted that he was the President of Geiger Mutual and that Geiger Mutual held a chattel mortgage dated January 10, 1968 and recorded in the Public Records of Orange County, Florida, and that there was due and owing and unpaid to Geiger Mutual from the defendants, the Millers, a certain stated amount of money plus interest.
The trial court granted plaintiff's motion for summary judgment, determined plaintiff was entitled to possession of the premises; that plaintiff's landlord's lien was superior to Geiger Mutual's chattel mortgage; that plaintiff was due a certain amount of money for rent from default to termination of the lease, costs and attorneys' fees. Final judgment was subsequently entered in accordance with the order on plaintiff's motion for summary judgment.
Geiger Mutual, being dissatisfied, petitioned for a rehearing. The petition was denied. This appeal followed.
We have for determination two issues. First, it is asserted by Geiger Mutual that it as a chattel mortgage holder has priority over a landlord's lien upon the chattels of the tenant which are brought upon the leasehold premises and later mortgaged, since it as a chattel mortgagee recorded its mortgage and the landlord did not record the lease between it and its tenant.
This contention is without merit. Geiger Mutual admitted in its answer that "whatever interest said Geiger Mutual Agency, Inc., has is subject and inferior to the plaintiff's lien claimed herein * *"; it is bound by its answer. Notwithstanding this, however, there is authority that a landlord's lien attaches either at the time of commencement of a tenacy or when a chattel is brought on the premises and that the landlord's lien is superior to subsequently created chattel liens, and without specific acts of the landlord agreeing to subordinate his lien to that of the chattel mortgage, he continues to possess a priority of lien over that of the chattel mortgagee. G.M.C.A. Corporation v. Noni, Inc., Fla. App. 1969, Third District Court of Appeal, 227 So.2d 891, opinion filed November 18, 1969.
The Tenant-Miller in his deposition was vague as to the precise time the property mortgaged to Geiger Mutual was brought onto the leased premises. Miller did, however, acknowledge that most of the property that was mortgaged was upon the premises leased at the time the chattel mortgage was given.
The affidavit of Geiger Mutual's president filed in opposition to plaintiff's motion for summary judgment does not benefit Geiger Mutual, since the affidavit merely asserts that there is due and owing to Geiger Mutual from the plaintiffs on the *447 chattel mortgage a certain stated amount of money plus interest. There is nothing in this affidavit to show this chattel mortgage to be superior to plaintiff's landlord lien. Faced with these pleadings, the court had no alternative but to grant plaintiff's motion for summary judgment and to determine the interest of Geiger Mutual to be subject and inferior to the plaintiff's landlord lien. The plaintiff-movant sustained the burden conclusively of proving the nonexistence of a genuine issue of material fact triable as to priority of lien. Holl v. Talcott, Fla. 1966, 191 So.2d 40.
Appellant-Geiger Mutual next contends that when a landlord forecloses his lien for past due rental against the chattels of his tenant, the landlord's lien does not include a lien for future rentals which would take priority over the holder of a chattel mortgage where the chattel mortgage has been filed of record prior to any default in the payment of rent and where the lease between the landlord and tenant is not recorded. The landlord counters this argument asserting that the trial court did not grant the landlord a lien for "future rents" but that the rent for the entire term of the lease was due and payable at the time of the institution of this suit by reason of a valid exercise by the landlord of an acceleration provision contained in the lease.
Over twenty years ago the Supreme Court of Florida in a well-reasoned opinion set forth the remedies of the landlord when there is a breach, abandonment or renunciation of a lease by a lessee before the expiration of the term. First, the landlord may treat the lease as terminated and resume possession of the premises, thereafter using exclusively the premises as his own for his own purposes; second, he may retake possession of the premises for the account of the tenant, holding the tenant in general damages for the difference between the rental stipulated to be paid and what in good faith the landlord is able to recover from a reletting; or third, he may stand by and do nothing and sue the lessee as each installment of rent matures or for the whole when it becomes due. Williams v. Aeroland Oil Co., 1944, 155 Fla. 114, 20 So.2d 346.
Although not heretofore determined in Florida, the majority of jurisdictions in the United States adhere to the principle that when a lease provides for accelerations of rental the right to recover the full rental which might exist by reason of such an acceleration provision is lost upon re-entry by the lessor, or a surrender by the lessee. Pirkle & Williams v. Shreveport Jitney Jungle, 1932, 19 La. App. 729, 140 So. 837; Grakelow v. Kidder, 1928, 95 Pa.Super. 250; Greco v. Woodlawn Furniture Company, 1930, 99 Pa.Super. 290; DeLong Hook & Eye Co. v. Tait, 1933, 108 Pa.Super. 369, 164 A. 848; 128 A.L.R. 750.
In the instant case, the plaintiff sought the remedy of treating the lease as terminated, taking possession of the premises by ejectment. He also sought the balance of rent accruing to the end of the term by virtue of the acceleration clause in the lease on the basis of default of the prior installments of rent. Having elected to terminate the term by ejectment, the lessor is foreclosed from obtaining judgment for the rent for the balance of the term, which accrued after ejectment but became sooner payable under the acceleration clause. This would in effect be a double remedy, which is conflicting and antagonistic.
The landlord is entitled to recover the rental that came due during the period between the occurrence of the default and the date that he resumed exclusive possession of the property for his own use, but he may not recover both his possession of the premises and the rent for the balance of the term accruing by reason of the acceleration clause in the lease as compensation for a vacancy of his own making. This is obviously inequitable and certainly illogical.
*448 Accordingly, the determination in the summary judgment and the awarding in the final judgment of rent payable to the plaintiff from default to expiration of the lease is reversed and the cause is remanded with directions to determine the amount of rent due plaintiff from default to time plaintiff obtained possession of the property consistent with the views herein expressed.
Affirmed, in part; reversed, in part and remanded, with directions.
WALDEN and OWEN, JJ., concur.