362 So.2d 982 (1978)
COAST FEDERAL SAVINGS AND LOAN ASSOCIATION, a United States Corporation, Appellant,
v.
Guion T. DeLOACH, Appellee.
No. 77-1424.
District Court of Appeal of Florida, Second District.
September 13, 1978.
Rehearing Denied October 19, 1978.
*983 Johnson S. Savary and Andrew Shaw, of Kirk, Pinkerton, McClelland, Savary & Carr, Sarasota, for appellant.
Arthur V. Woodward, Marco Island, for appellee.
DANAHY, Judge.
In this suit to recover accelerated rent due under a lease agreement, the lessor (Coast Federal) appeals from the final judgment entered by the trial judge, and the lessee (DeLoach) cross-appeals. We find merit in the position of Coast Federal.
DeLoach rented office space from Coast Federal for a period of three years pursuant to a lease agreement entered into by the parties in August of 1974. Rent was payable monthly. The agreement contained a standard acceleration clause giving Coast Federal the right to declare all remaining rent immediately due and payable in the *984 event of a default by DeLoach in the payment of any monthly installment.
In February 1976, DeLoach vacated the leased premises and ceased paying rent. Coast Federal brought this suit to recover all remaining rent due for the balance of the lease term, in the amount of $12,600, pursuant to the acceleration clause. DeLoach interposed three affirmative defenses: first, that Coast Federal accepted a surrender of the leasehold, by agreement and by retaking possession of the leased premises, thus terminating any further liability on the part of DeLoach; second, that Coast Federal's demand for additional rent was barred on grounds of waiver and estoppel; and third, that Coast Federal constructively evicted DeLoach. After a nonjury trial on the issues raised by the pleadings, the trial judge entered a final judgment reciting the following:
Plaintiff, Coast Federal Savings and Loan Association, has proved by the greater weight of the evidence that the defendant, Guion T. DeLoach, breached the written lease agreement, plaintiff's exhibit I, dated August 22, 1974; I find also that the plaintiff did not use reasonable methods to mitigate his [sic] damages. So, I find for the plaintiff in the sum of $12,600, which I reduce by 80% to $2,520, for which sum I grant judgment to the plaintiff in this case.
The final judgment awarded Coast Federal the sum of $2,520 plus attorneys' fees in the amount of $750.
Coast Federal is quite correct in its argument that a lessor has no duty to mitigate damages upon breach by a lessee of the terms of a lease agreement. It is well established in Florida that, upon breach by a lessee, a lessor has the choice of three alternative courses of action. The lessor may treat the lease as terminated and retake possession for his own account, thus terminating any further liability on the part of the lessee; or the lessor may retake possession of the premises for the account of the lessee, holding the lessee liable for the difference between rental stipulated to be paid under the lease agreement and what, in good faith, the lessor is able to recover from a reletting; or the lessor may stand by and do nothing, holding the lessee liable for the rent due as it matures, which means all remaining rent due if there is an acceleration clause and the lessor chooses to exercise the right to accelerate. Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944); Jimmy Hall's Morningside, Inc. v. Blackburn & Peck Enter., Inc., 235 So.2d 344 (Fla.2d DCA 1970).
Obviously, the trial judge was of the opinion that Coast Federal did not choose the first option, as DeLoach contended, and we find no error in that regard. Coast Federal argues that it chose the third alternative and that the trial judge erred in finding that Coast Federal pursued the second. But we do not know whether the trial judge found that the second choice was in fact made or whether he ruled that the second choice was required.
Either of the first two choices excludes the third. By retaking possession either for his own account or for the account of the lessee, a lessor loses the right to recover the full amount of remaining rental due on the basis of an acceleration clause. The two positions are inconsistent. Geiger Mutual Agency, Inc. v. Wright, 233 So.2d 444 (Fla. 4th DCA 1970); Jimmy Hall's Morningside, Inc. v. Blackburn & Peck Enter., Inc., supra. If the lessor retakes possession for the account of the lessee, two results follow. First, the lessor acquires a duty to exercise good faith in attempting to relet the premises, and second, any rentals received by the lessor as a result of the reletting must be deducted from the balance of rent due from the lessee. Kanter v. Safron, 99 So.2d 706 (Fla. 1958); Jimmy Hall's Morningside, Inc. v. Blackburn & Peck Enter., Inc., supra.
If, therefore, the final judgment in this case reflected a ruling by the trial judge that Coast Federal had a duty to retake possession of the leased premises and exercise good faith to relet for the account of DeLoach, it was in error. Coast Federal *985 had no such duty. But the crucial issue in this case was whether Coast Federal did in fact retake possession of the leased premises. The final judgment may, therefore, reflect a finding by the trial judge that Coast Federal retook possession for the account of DeLoach, thus incurring the duty to use good faith in reletting, and failed to perform that duty.
To permit an appropriate disposition of this case, we temporarily relinquish jurisdiction to the trial judge with instructions that he record his finding on the question whether Coast Federal retook possession of the leased premises for the account of DeLoach and submit that written finding to us within thirty days of the date hereof.
By his cross-appeal, DeLoach argues that Coast Federal failed to prove its case and that the trial judge erred in failing to rule for DeLoach on the issues raised by his affirmative defenses. We find no merit in DeLoach's position.
Finally, on the question of attorneys' fees, we hold that there was no abuse of discretion on the part of the trial judge in the award made.
Remanded in accordance with this opinion.
HOBSON, Acting C.J., and BOARDMAN, J., concur.