DANAHY, Judge.
This court previously rendered an opinion in this case in which we pointed out that the lessor (Coast Federal) had no duty to mitigate damages upon breach by the lessee (DeLoach) of the terms of the lease agreement which underlies this suit. Coast Federal Savings & Loan Association v. DeLoach, 362 So.2d 982 (Fla.2d DCA 1978). We expressed doubt whether the trial judge so held, or whether the trial judge found as a fact that Coast Federal retook possession of the leased premises for the account of DeLoach and failed to perform its duty to use good faith in reletting. Accordingly, we relinquished jurisdiction to the trial judge with instructions that he record his finding on the question whether Coast Federal retook possession of the leased premises for the account of DeLoach and submit that written finding to us.
The trial judge has now entered his written finding of fact that Coast Federal never retook possession of the leased premises. As pointed out in our prior opinion, *1191 Coast Federal had no duty to do so. It was, therefore, error for the trial judge, having found Coast Federal entitled to accelerated rent in the amount of $12,600, to reduce its recovery by 80% for failure to mitigate DeLoach’s damages.
Not only did the trial judge enter the written finding of fact which was the purpose of this court’s limited remand, he also entered an amended judgment in favor of Coast Federal in the full amount of $12,600 plus the sum of $750 as a reasonable attorney’s fee. Since our remand was solely for the purpose of allowing the entry of a written finding of fáct, the trial judge had no jurisdiction to enter an amended judgment in anticipation of this court’s reversal.
We note that DeLoach has also misconstrued the posture of this case by filing a motion for rehearing in the trial court directed to the amended final judgment. That motion argues points in his favor which are available to DeLoach only as grounds for reversal on his cross-appeal from the final judgment originally entered in this case. As stated in our prior opinion, we found no merit in any of the points raised by DeLoach on his cross-appeal. Points which could have been asserted on the cross-appeal, but were not, may not be asserted now. The matters set forth in DeLoach’s motion for rehearing are, therefore, foreclosed from consideration by the trial judge.
We come now to our final disposition of this appeal, the subject of which is the original final judgment entered on June 7, 1977. The final judgment is reversed with instructions to enter judgment in favor of Coast Federal consistent with this opinion and our previous opinion in this case.
REVERSED.
HOBSON, Acting C. J., and BOARD-MAN, J., concur.