571 So.2d 596 (1990)
The GROVE RESTAURANT AND BAR, Inc., a Florida Corporation, and Marc Mazo, Appellants,
v.
Fred RAZOOK, David Brett and Mack McKee, D/B/a Grove Partners, and B/W General Contractors, Inc., a Florida Corporation, Appellees.
No. 90-00972.
District Court of Appeal of Florida, Second District.
December 28, 1990.
Thomas H. McGowan, St. Petersburg, for appellant The Grove Restaurant & Bar, Inc.
Marc Mazo, appellant pro se.
David T. Henninger of Green & Mastry, P.A., St. Petersburg, for appellees.
FRANK, Judge.
Grove Restaurant and Bar, Inc., the lessee, and third party defendant Marc Mazo, a guarantor, the appellants, have sought *597 review of a partial summary judgment rendered in favor of the lessor, Grove Partners, for accelerated rent following an alleged breach of the lease. Because genuine issues of material fact exist, we reverse.
Grove Restaurant & Bar, Inc. sued Fred Razook, David Brett, Mack McKee, and B/W General Contractors, Inc., a general partnership entitled Grove Partners, and alleged in its second amended complaint that Grove Partners frustrated its efforts to complete the restaurant that was the subject of the lease between the parties by failing to pay architectual fees and subcontractors, delaying payments to B/W General Contractors, failing to pay for items contemplated by their contract, failing to obtain a certificate of occupancy in a timely fashion, and ordering that work on the restaurant be stopped. Grove Restaurant alleged that Grove Partners also breached the contract by preventing it from opening the restaurant on the target date of February 15, 1988, as a result of which it was damaged by losing revenue from the winter tourist season. Grove Restaurant also alleged that Grove Partners failed to obtain additional parking for the restaurant, and further that it misrepresented that Grove Restaurant could have outside seating at the restaurant. Grove Partners counterclaimed that Grove Restaurant breached the lease in a number of ways, including failing to begin payments of base monthly lease amounts on February 15, 1988, failing to amortize monthly payments of additional improvements in a proper amount and on the date of the commencement of the lease, failing properly to employ, supervise and coordinate its subcontractors to complete the improvements in a timely fashion, failing to pay additional rent pursuant to paragraph 5 of the lease, and violating the operating rules and regulations for the project by improper outdoor seating, signage, and supplier/delivery. Grove Partners, as a result of Grove Restaurant's failure to pay the rent, elected to accelerate the entire sums due under the lease. Grove Partners also filed a third party complaint against Marc Mazo, the president and stockholder of Grove Restaurant & Bar, Inc., based upon his execution of a guaranty of payment and performance appended to the lease.
Grove Partners moved for partial summary judgment against Grove Restaurant and Marc Mazo for liability and damages for Grove Restaurant's and Mazo's alleged breach of the lease, through abandonment of the leased premises, and sought damages for accelerated rent.
Clause 19B(2) of the lease, entitled Default; Remedies of Lessor, provides that upon default Grove Partners may:
Elect to declare the entire rent for the balance of the term, or any part thereof, due and payable forthwith, and may proceed to collect the same by distress or otherwise, and thereupon said term shall terminate at the option of the lessor except that, to the extent rents have been collected in such fashion, lessee shall be entitled to remain in possession to the exhaustion of the period covered by the rentals so collected.
This lease term indicates that acceleration is not proper unless the tenant remains in possession of the premises, either physically or by entitlement. "[T]he right to recover the full rental which might exist by reason of such an acceleration provision is lost upon re-entry by the lessor, or a surrender by the lessee." Geiger Mutual Agency, Inc. v. Wright, 233 So.2d 444, 447 (Fla. 4th DCA 1970). Further, as explained by this court in Coast Federal Savings and Loan Ass'n v. DeLoach, 362 So.2d 982, 984 (Fla. 2d DCA 1978), "[b]y retaking possession either for his own account or for the account of the lessee, a lessor loses the right to recover the full amount of remaining rental due on the basis of an acceleration clause. The two positions are inconsistent." However, in this case, as in Coast Federal, the crucial issue is whether the landlord did in fact retake possession of the premises.
Grove Partners moved on July 11, 1989 for an order directing Grove Restaurant either to pay the rent or to vacate the premises. Subsequent to the motion the court entered an injunction requiring Grove *598 Restaurant and Mazo to return all equipment. In September of 1989 Grove Partners changed the locks on the premises. These actions were indicative of at least an intent to retake possession. From the record before us, however, it is unclear who was legally in possession of the premises at the time the summary judgment was entered. As stated above, under both the lease terms and the case law, acceleration is improper when the lessor has taken control of the premises.
Part of the reason for this lack of clarity is that factual issues surround the actual breach. Without making some factual determinations, the trial court could not have concluded as a matter of law that a constructive eviction had not occurred. Without eliminating the constructive eviction defense, the court could not have determined as a matter of law that Grove Restaurant had breached the lease and was in default. If there had been no default, of course, Grove Partners was not entitled to accelerate.
Before damages may be assessed against either party certain factual issues raised by Grove Restaurant's complaint must be resolved. That is to say, specifically, the extent to which outside seating and additional parking were integral parts of the lease agreement; whether Grove Partners failed to use its best efforts to insure their installation; whether Grove Partners' failure, if any, rendered the commercial premises uninhabitable; and whether Grove Restaurant complied with the constructive eviction term of the lease by giving advance notice before vacating.
Accordingly, we reverse the partial summary judgment and remand for further proceedings consistent with this opinion.
SCHEB, A.C.J., and PATTERSON, J., concur.