# Third District Court of Appeal

## State of Florida

Opinion filed June 21, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1308
Lower Tribunal No. 14-32194
_____

**JPAY, Inc.,**
Appellant,

vs.

**10800 Biscayne Holdings, LLC,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Law Offices of Jonathan A. Heller, PA and Jonathan A. Heller; Jay M. Levy, P.A. and Jay M. Levy, for appellant.

The Bernstein Law Firm and Michael I. Bernstein and Brian G. Winger, for appellee.

Before SUAREZ, C.J., and LAGOA and LOGUE, JJ.

SUAREZ, C.J.

JPAY, Inc. ["JPAY] seeks to reverse a final order granting Appellee's amended motion for summary judgment. We affirm.

In August 2007, Appellee landlord 10800 Biscayne Holdings ["Biscayne"] leased commercial office space to Appellant JPAY. The lease term was set to expire on September 14, 2015. JPAY failed to pay its rent, and vacated the premises in February 2013 prior to lease expiration. Biscayne sued JPAY for breach of the lease and sought damages for a late fee due for the January 2013 overdue rent, for failing to pay the February 2013 rent, and for continuing damages incurred by JPAY's abandonment of the lease agreement. Biscayne moved for partial summary judgment for unpaid rent through January 2014. JPAY moved for cross summary judgment claiming that the lease agreement had been terminated with Biscayne's service of a 2013 three-day notice, and that Biscayne had retaken the leased premises thereby precluding any further recovery or acceleration of rent due under the remaining terms of the lease agreement.

At the February 12, 2014 hearing, Biscayne stated that it was not seeking acceleration of the entire balance due under the lease, only what was due through "today." The trial court (Arzola, J.) acknowledged that the lease had not been terminated, Biscayne was not seeking the accelerated amount, granted Biscayne's motion for partial summary judgment as to liability for rent due from February 2013 through February, 12, 2014, and denied JPAY's cross-motion for summary judgment. In the trial court's February 18, 2014 Order memorializing that holding ["JPAY I"], the court did not state that the rent had been accelerated and entered

judgment for rent due only through February 12, 2014, the date of the hearing. JPAY did not appeal from that order, and satisfied the judgment.

In October 2014, Biscayne filed a renewed motion for partial summary judgment seeking the unpaid rent due for each monthly breach that occurred after February 18 Order, beginning on March 1, 2014 through August 31, 2014. JPAY moved to strike on grounds that the February 18, 2014 Order was "final" and thus the trial court had no jurisdiction to hear any claim for damages accruing after that date. The trial court granted JPAY's motion to strike for lack of jurisdiction, agreeing that the February 18, 2014 Order was a final order.

Biscayne then filed a new complaint [JPAY II] seeking damages for breach of the lease for overdue payments starting March 1, 2014 up to and including date of filing JPAY II. JPAY moved to dismiss and for final judgment, arguing that JPAY I was res judicata. At the hearing on these motions, JPAY asserted that Biscayne had requested the judgment for accelerated rent in JPAY I, and was thus precluded from seeking additional rents in JPAY II. On December 8, 2015, the trial court denied JPAY's motions. JPAY then filed a petition for Writ of Prohibition in this Court seeking to reverse the December 8 Order, again arguing the trial court had no jurisdiction because Biscayne actually sought and got accelerated rent in JPAY I. This Court denied the petition.

Biscayne sought final summary judgment for the full amount due under the lease for each continuing monthly breach from filing of JPAY II through the lease expiration date of September 14, 2015. JPAY answered and also moved for summary judgment. At the April 1, 2016 hearing, the trial court entered final summary judgment in Biscayne's favor. JPAY appeals.

ACCELERATION ISSUE:

The record is clear that Biscayne did not seek acceleration under the lease in JPAY I. The Complaints in both JPAY I and II contain no language of acceleration, and instead set forth clear claim for damages for periods of breach of monthly rent due under the lease:

**December 2014 Complaint [JPAY I]**:

> 25. Plaintiff demands judgment in an amount to be determined at trial **for rent due from March 1, 2014 through December 31, 2014**, plus penalties, interest, and attorney's fees and costs pursuant to Paragraph 22(f) of the Lease Agreement.

**June 2015 Amended Complaint [JPAY II]**:

> 14. In the First Action, Plaintiff moved for partial summary judgment for a determination on Defendant's liability to Plaintiff for breach of the Lease, and for rent due and owing up through February 28, 2014, as any rent due subsequent thereto had yet to accrue based on Plaintiffs re-taking of the Leased Premises for the benefit of Defendant.

> 15. The Court in the First Action found that Defendant breached the Lease, and on February 18, 2014, entered an order awarding Plaintiff damages based on Defendant's breach of the Lease up through February 12, 2014 (copy attached as Exhibit D).

4

16. Subsequent to the entry of the February 18 Order, Plaintiff continued to send Defendant monthly invoices for rent due under the Lease.

17. **Plaintiff now seeks rent due under the Lease from March 1, 2014 through May 31, 2015,** as well as attorney's fees and costs due under the Lease.

The language of acceleration is not used, and the substance of the claims clearly indicate breach of monthly installments of rent due.

On breach by a lessee, a lessor has the choice of three alternative courses of action: 1) the lessor may treat the lease as terminated and retake possession *for his own account*, thus terminating any further liability on the part of the lessee; or 2) the lessor may retake possession of the premises *for the account of the lessee*, holding the lessee liable for the difference between rental stipulated to be paid under the lease agreement and what, in good faith, the lessor is able to recover from a reletting; or 3) the lessor may stand by and do nothing, holding the lessee liable for the rent due as it matures, which means all remaining rent due if there is an acceleration clause and the lessor chooses to exercise the right to accelerate. Coast Fed. Sav. & Loan Ass'n v. DeLoach, 362 So. 2d 982, 984 (Fla. 2d DCA 1978).

JPAY argues (for the third time in these proceedings) that once the Appellee Biscayne retook the premises pursuant to the three-day notice, the lease was effectively terminated (the first option stated above). Thus, JPAY argues,

5

accelerated rent was then due. At the hearing before Judge Arzola, Biscayne provided evidence and argument that it had retaken possession of the vacated premises on the lessee's behalf, was able to re-let a portion of it, made good-faith effort to re-let the remaining premises without success, and did not seek the accelerated rent due under the lease.[1] Under the case law, Biscayne is not entitled to terminate the lease and also accelerate the rent:

> By retaking possession either for his own account or for the account of the lessee, a lessor loses the right to recover the full amount of remaining rental due on the basis of an acceleration clause. The two positions are inconsistent. (citations omitted) If the lessor retakes possession for the account of the lessee, two results follow. First, the lessor acquires a duty to exercise good faith in attempting to relet the premises, and second, any rentals received by the lessor as a result of the reletting must be deducted from the balance of rent due from the lessee.

Coast Fed., 362 So. 2d at 984. Biscayne re-took the vacated premises, made good faith efforts to re-let on JPAY's behalf, and deducted what it got from a partial sublet from JPAY's unpaid rents due up to the date of the JPAY I final judgment. Its actions belie an intent to accelerate.

---

[1] JPAY argued that it was an issue of fact whether Biscayne re-took the premises for its own account or for JPAY's – but the court asked why would Biscayne be billing JPAY if it re-took for its own use:

> But what evidence have you shown me that they've taken this for their possession: They have specifically indicated that what they've done is attempted to re-let unsuccessfully, they've accepted rent from the subtenant, which, as a result, lessens your client's liability, and they have not utilized this for any purpose other than to re-let. They have not used it for storage, they've not used it to throw office parties . . .

6

RES JUDICATA ISSUE

JPAY I is not res judicata as to JPAY II. Under the doctrine of res judicata, a final judgment or decree on the merits by a court of competent jurisdiction constitutes an absolute bar to a subsequent suit on the same cause of action and is conclusive of all issues which were raised or could have been raised in the action. Wise v. Tucker, 399 So. 2d 500 (Fla. 4th DCA 1981). To apply the doctrine there must be (1) identity in the thing sued for, (2) identity of the causes of action, (3) identity of the persons and parties to the action, and (4) identity of the person for or against whom the claim is made. See Pumo v. Pumo, 405 So. 2d 224, 226 (Fla. 3d DCA 1981). In this case, the parties are the same, the same landlord is suing the same lessee, but the identity of the thing sued for is different: JPAY II seeks damages for a completely different set of monthly rents that *had yet to accrue* at the time the judgment in JPAY I was rendered. Those damages were not included in JPAY I judgment. See Gilbert v. Florida Power & Light Co., 981 So. 2d 609, 614 (Fla. 4th DCA 2008) (holding that under the rule against splitting a cause of action, a new claim for damages is not barred if the underlying cause of action had not accrued at the time of filing the previous lawsuit); see also Greene v. Boyette, 587 So. 2d 629, 630 (Fla. 1st DCA 1991) (holding that a suit for one installment payment does not preclude suit for a later installment).[2]

The record clearly establishes that Biscayne was not seeking accelerated rent in JPAY I, and that Order did not grant accelerated rent. Although JPAY I is a Final Judgment, it is not res judicata as to JPAY II; the JPAY I Order only adjudicated outstanding rent due that had accrued from Appellant's failure to pay monthly rent installments under the lease from March 2014 through the entry of the JPAY I order; there was no award for the entire amount of future rents. We therefore affirm the trial court's order granting Biscayne's amended motion for summary judgment.

Affirmed.

---

[2] JPAY's estoppel argument fits under this same analysis and we reject it for those reasons.