**R. E. WILLIAMS and BERTHA WILLIAMS, husband and wife, v. AEROLAND OIL COMPANY, a Florida corporation.**

20 So. (2nd) 346                                         June Term, 1944
October 17, 1944                                              Division B

McCune, Hiaasen & Fleming, for appellants.

Rogers, Morris & Griffis and Dwight L. Rogers, for appellee.

SEBRING, J.:

This is an appeal brought by plaintiffs below from an adverse order granting motion for new trial after verdict and judgment in favor of the plaintiffs. Several procedural questions are raised by the record. They are not vigorously pressed, however, counsel expressing the hope that this Court will consider and dispose of all basic questions raised on appeal, to the end that the controversy between the parties may be expeditiously terminated. We shall follow this course in the interest of saving the parties unnecessarily protracted litigation.

R. E. Williams and wife are the owners of a fully equipped gasoline filling station in Broward County. They leased the property by written lease under seal to Aeroland Oil Company, a Florida corporation, for a term of five years from February 1, 1941, at a monthly rental of $175.00 payable on or before the first day of each month in advance. The lessee went into possession under the lease and paid the monthly installments of rent up to and including the month of March 1942. During the month of February 1942 the lessee asked the lessors for a reduction in rents for the remainder of the term, the lessee informing the lessors that it would be unable, because of war conditions, to continue paying the amount of rents stipulated in the lease. Upon refusal of the lessors to grant the reduction, the lessee abandoned the actual physical occupancy of the premises, moved its supplies out of the building, and locked the gasoline pumps and doors of the station but retained the keys. Thereafter during the month of July 1942 and while rents were in arrears for the payments due beyond the March 1942 payment, the lessee notified the lessors in writing that it did not intend to further perform the covenants and obligations of said lease.

The present action on the covenant to pay rents was brought by the lessors in the month of December of 1942. The purpose of the litigation was to recover in one suit not only installments of rent past due at the time of institution of suit but also all unmatured installments of rent to become due in the future during the term of the lease. Demurrer to the declaration was overruled. A plea of privilege and pleas going to the merits were filed by the defendant. Demurrer to the plea of privilege and to certain of the pleas to the merits was sustained. The parties went to trial on the declaration and upon plea to the effect that after the abandonment of the actual physical occupancy of the leased premises by the lessee, the lessors resumed possession of the property with the intention of releasing the defendant from its obligation to pay rent and of terminating the lease and discharging the defendant from all obligations thereof. At the trial the verdict was for the plaintiffs, the jury allowing recovery not only for rents past due at time of suit but also for all rents to become due in the future during the term of the lease. Judgment was entered upon the verdict. The defendant filed its motion for new trial and in arrest of judgment. The trial judge entered an order granting a new trial. The appellants have entered their appeal from the order granting new trial pursuant to Section 59.04 Florida Statutes 1941.

The first question goes to the sufficiency of the plea of privilege, wherein the defendant sought the privilege of being sued in Dade County and not in Broward County where the cause of action was maintained. It is said by appellee that the court erred in sustaining demurrer to this plea. We find no error in the ruling. Although the lease was executed in Dade County and the corporation lessee maintained its principal place of business there, the lease was silent as to the place where the rents were to be paid as they accrued. The lessors resided in Broward County. The leased premises were located in Broward County. It is generally held that where there is an express promise to pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise agreed. In such case the cause of action accrues where the default occurs, though it be in the county

where the plaintiff resides and the action may be maintained in such county for the defendant's breach. Producers Supply, Inc. v. Harz, 149 Fla. 594, 6 So. (2nd) 375; Baruch v. W. B. Haggerty, Inc., 137 Fla. 799, 188 So. 797; Croker v. Powell, 115 Fla. 733, 156 So. 146. Moreover, in the absence of any stipulation in a lease, or in an agreement auxiliary thereto, fixing the place at which rent shall be paid, it is the rule that it is payable on the premises. 32 Am. Jur. p. 383, Sec. 467; 36 C.J. p. 389, Sec. 1277. There was no error in sustaining the demurrer to the plea of privilege.

The next question is whether an unequivocal, intentional, communicated repudiation, coupled with actual breach, default and refusal to perform, by a lessee in possession of leased premises under written lease which requires the lessee to pay monthly installments of rent in advance during the term, gives to the lessor the right to accelerate all unmatured rent installments and presently recover in one action all rent that will ultimately become due under the lease.

It seems to be reasonably well settled by the weight of authority that upon the breach, abandonment or renunciation of a lease by the lessee before the expiration of the term the lessor has the choice of one of three courses of action: He may treat the lease as terminated and resume possession of the premises, thereafter using the same exclusively as his own for his own purposes; or, he may retake possession of the premises for the account of the tenant, holding the tenant in general damages for the difference between the rentals stipulated to be paid and what, in good faith, the landlord is able to recover from a reletting; or, he may stand by and do nothing, and sue the lessee as each installment of rent matures, or for the whole when it becomes due. In this suit the lessors have pursued neither of these courses; except as to the rents that were in default at the time of institution of suit. They have refused to accept surrender of the lease upon breach by the lessee, and thus bring the term to an end. They have not retaken possession of the premises for the account of the tenant—indeed have been prevented from doing so by the action of the tenant in locking up the premises and retaining the keys. They have not sought a recovery

in damages as perhaps they might have done under the rule adopted by many of the courts, which recognizes a breach of the material parts of the covenants of the lease accompanied or followed by a renunciation of the whole lease as giving rise to a cause of action for such recovery. See Sagamore Corporation v. Willcutt, 120 Conn. 315, 180 A. 464; Bradbury v. Higginson, 162 Cal. 602, 123 P. 797; Hawkinson v. Johnston, 122 F. 2nd 724, Cert. denied, 314 U. S. 694, 62 S. Ct. 365, 86 L. Ed. 555, 137 A.L.R. 420 and annotation, as illustrative of the views expressed. Instead, they sue in an action on the covenant of a lease to pay rents stipulated, as distinguished from an action for damages for the breach of said covenant. In the suit the lessors seek to accelerate all unmatured installments of rent payable in the future and treat them as a single claim or demand presently due. This they may not do.

The tenant has said that he will no longer occupy the property or pay rents. The lessors have refused to accept surrender of the premises, either for their own purposes, or for the account of the lessee. It follows that the tenant is still in possession, at least constructively, albeit the property is not at present physically occupied by the lessee corporation. The remainder of the term remains open and the lease is in existence. The lessee may go back into occupancy unless the right to do so is cut off by proper steps taken by the lessors. It is true at any time, by reason of the breaches, the lessors may by reentry and resumption of possession put an end to the lease, or they may pursue an appropriate action for damages. But so long as they chose to treat the term as unsurrendered and continuing (as they do by the cause of action they have selected) they are held to recognition of the covenants and stipulations appearing in the lease by which the lease term was created. By its express provisions the covenant is to pay rent in installments, not in lump. The lease contains no stipulation providing for the acceleration of future rents in the event of breach or default on the part of the lessee. The repudiation by the lessee, even though accompanied by breach, did not at once mature the installments of rent not due under the terms of the lease so

as to make them presently recoverable in an action on the covenant for the payment of rents as such. Since future rent is demandable only in the amounts and at the times named in the lease, the total cannot be recovered at law in a lump sum in advance of the accrual of the installments.

We think this conclusion follows the prevailing rule established by such of our sister states as have ruled on the point; with the exception of the State of Louisiana where it is apparently held that the lessee's abandonment of leased premises matures the whole amount of rent covenanted to be paid under lease. None of the cases cited by the appellants impel us to any other conclusion.

All points raised by counsel have been carefully considered, and we find no occasion for a new trial of the cause. The only real issue revealed by the subject matter of the pleas filed by the defendant as to so much of plaintiff's cause of action as was for rents due at the institution of suit was the issue presented by the plea which sought to establish acceptance of surrender of the premises by the plaintiffs after abandonment by the defendant. The jury found that issue against the defendant. There was ample evidence to sustain the finding. The pleas attempting to set up other purported defenses were properly eliminated from the consideration of the jury by the trial judge. Under the evidence the lessors are clearly entitled to recover installments of rent due up to the time of the institution of suit in the court below. The claim for future rents having been eliminated from the case by the conclusion we have reached on appeal, no good purpose can be served by another jury trial.

A remittitur by the plaintiffs of all amounts of recovery which represents rents falling due or to become due after institution of suit should be ordered. Upon such remittitur, a judgment should be entered upon the verdict for amounts presently or past due at the time of suit, together with costs to the plaintiffs. If the plaintiffs below decline to make such remittitur, then the order granting new trial should stand affirmed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.