HENDRY, Judge.
This is an appeal from a final judgment in favor of the plaintiffs below, Liberty Air, Inc., and Rexair, Inc., who were lessors of certain aircraft and appurtenant equipment. Aerovías Sud Americana, Inc., was the lessee of three DC-4 aircraft under separate lease agreements. Two of the aircraft were leased from Liberty Air on July 1, 1964, for periods of sixty months each. The third aircraft was leased from Rexair on July 24, 1964, for the same length of time.
In January of 1965, Aerovías wa.s delinquent in rental payments because of financial difficulties. In order to assure the continued existence of the aircraft lease agreements, appellant herein, Jack Al-dridge, executed and delivered to the lessors his personal guarantee of certain of Aerovías’ obligations under the lease. When Aerovías became embroiled in corporate reorganization proceedings under Chapter XI of the Federal Bankruptcy Act, further action against Aerovías in the state court was restrained. Plaintiffs then proceeded against Aldridge alone on the basis of the personal guarantee.
The trial court in its decree of August 31, 1966, specifically found the guarantee to be a valid and binding agreement. In regard to a determination as to which obligations of Aerovias the guarantee encompassed within its scope, the court stated:
“With respect to paragraph 3 of the agreement, Court finds that Mr. Aldridge guaranteed the sums due the plaintiff Corporations for aircraft rentals ‘including that pro-rated portion per week of monthly rentals commencing with noon, January 13, 1965 — .’ The testimony reflects, and the Court so finds, that with respect to aircraft number N-88937, said aircraft was flown (between January 14 and April 2, 1965) 353 hours and 51 minutes for a total rental cost of $2,-118.00 plus the sum of $3,000.00 per month from January 13, 1965 to termination of the lease.”
******
“With respect to aircraft number N-90445, Mr. Aldridge is obligated under the terms of the guaranty, for the payment of the basic $3,000.00 per month *280 charge from January 13, 1965 to the expiration of the lease. * * *”
On the basis of the findings contained in the decree, judgment was entered against Aldridge in favor of Liberty Air in the amount of $314,292.66 plus costs, and against Aldridge in favor of Rexair in the amount of $6,700.00 plus costs. Aldridge brings the instant appeal.
We have found no error in the findings of the lower court in regard to the validity, content, scope or effect of the guarantee agreement. However, we find that the amount awarded to Liberty Air was excessive.
The trial judge was correct m holding that the guarantee obligated Al-dridge to pay aircraft rental, in the event of default, from January 13, 1965, until termination of the lease period. The lease agreements covering aircraft numbers N-88937 and N-90445 will not expire until July 1, 1969. And it is settled in this state that. a lessor can not presently recover rents due at some future date under the lease agreement. In the case of Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944), the Florida Supreme Court expressed the principle thusly:
“* * * The repudiation by the lessee, even though accompanied by breach, did not at once mature the installments of rent not due under the terms of the lease so as to make them presently recoverable in an action on the covenant for the payment of rents as such. Since future rent is demandable only in the amounts and at the times named in the lease, the total cannot be recovered at law in a lump sum in advance of the accrual of the installments.”
See also: Monsalvatge & Co. of Miami, Inc. v. Ryder Leasing, Inc., Fla.App.1963, 151 So.2d 453.
We have found no such error in the amount awarded to Rexair, since the $6,-700.00 recovery represents accrued rental due on aircraft number N-30064 for the period from January 14 to January 31, 1965.
Therefore, the portion of the judgment appealed awarding the sum of $314,292.66 to appellee, Liberty Air, Inc., is reversed, and the cause is remanded for further proceedings on the issue of damages in case number 6SL 556.
Affirmed in part, reversed in part.