305 So.2d 864 (1974)
Samuel J. FOUNTAS and Equities Diversified of Ohio, Inc., an Ohio Corporation, Jointly and Severally, Appellants,
v.
George L. ZIEGLER et al., Appellees.
Nos. 73-1551 and 73-1552.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied January 28, 1975.
Sibley, Giblin, Levenson & Ward, Miami, for appellants.
Spiegelman & Spiegelman, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PEARSON, Judge.
These two appeals were each from the same judgment and have therefore been consolidated for all appellate purposes. The appellants were the defendants in the trial court. They were the tenants of the plaintiff landlord, who is the appellee here. The appellant rented from the plaintiff vacant land upon which, by agreement between the parties, each contributed to the erection of a building. The building was *865 leased to the appellant for a period of years. During the period, the appellant determined that the property could not be operated for the purpose for which it had been rented because of the exceptional number of violent crimes directed toward the business and the neighborhood. The appellant then boarded up the property and ceased to pay rent.
The appellee landlord brought an action claiming rent for the balance of the term. After trial, the trial court entered its findings of fact in pertinent part as follows:
"1. That this Court has jurisdiction of the parties and the subject matter of this cause.
"2. That the Defendants, SAMUEL J. FOUNTAS and EQUITIES DIVERSIFIED OF OHIO, INC., an Ohio corporation, abandoned the leased premises being the subject matter of this suit and repudiated the written business lease entered into between the Plaintiffs and the Defendants.
"3. That the Defendants breached the terms and conditions of the business lease, being the subject matter of this suit, in that they defaulted and failed to pay any rent for the monthly installment due and payable from December 1, 1971 to the date of trial. That there has accrued and is past due and owing from December 1, 1971 to date of trial, 24 months rent at SEVEN HUNDRED AND NO/100 ($700.00) DOLLARS per month, totaling FOURTEEN THOUSAND EIGHT HUNDRED AND NO/100 ($14,800.00) DOLLARS, plus 4% rental tax thereon equivalent to FIVE HUNDRED NINETY-TWO AND NO/100 ($592.00) DOLLARS."
Upon these facts, the court made the following conclusion of law:
"1. That the Defendants, as Lessees, repudiated their Business Lease contract with the Plaintiffs thereby giving rise to a cause of action to the Plaintiffs immediately for the full damages incurred by the Plaintiffs as Lessors, present and prospective, which were the necessary and direct result of the breach by the Defendants, the measure of which is the difference (reduced to present worth) between the rent fixed in the Lease and the present fair rental value of the premises for the remainder of the term, together with such special damages as may have resulted from the breach. This is simply an application to lease contracts of the doctrine of `anticipatory breach' in general contract law. See Kanter v. Safran, (1953 Fla.) 68 So.2d 553 at Page 558, Paragraph 8, and Williams v. Aeroland Oil Co., (1944) 155 Fla. 114, 20 So.2d 346."
On this appeal three points are presented. The first urges that the trial court misapplied the law it found to be governing in that it allowed as damages the entire amount of the unpaid rent without reducing the amount thereof to present money value and without deducting an amount for the reasonable rental value of the premises for the unexpired portion of the term. The second point urges that the court erred in failing to hold that the repeated occurrence of violent crimes breached a covenant of the lease providing for "quiet use." We hold that the appellant has demonstrated error under the first point but not under the second.
Each party has agreed that the court's conclusion of law that the damages recoverable in this action are governed by the rule set forth by the Supreme Court of Florida in Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944); Kanter v. Safran, Fla. 1953, 68 So.2d 553 and Wagner v. Rice, Fla. 1957, 97 So.2d 267. It appears without dispute that the judgment and opinion in this cause do not show compliance with said rules. It is a reasonable interpretation of the judgment that the court has allowed all of the rental for the balance of the term without any deduction. The reason that deductions are not *866 made in accordance with the cases cited is not apparent.
The appellant urges that because there was no evidence presented to the trial court showing either the present monetary value of the balance provided for under the lease or the reasonable rental value of the premises for the remainder of the term, therefore, that the plaintiff having been deficient in his proof should recover nothing. We believe that a fair reading of the trial court's judgment and opinion together with the interests of justice require that in this case the cause be returned to the trial court with directions to apply the deductions approved in such cases and for the taking of such testimony as the parties may present and the entry of a judgment in accordance with the law as stated in the cases cited.
Turning to appellant's second point, the following provision appears in the lease:
"c. That, upon Tenant's paying the rent and observing and performing all of the terms, covenants and conditions on Tenant's part to be observed and performed, the Tenant may peaceably and quietly have, hold, occupy and enjoy the demised premises and all the appurtenances thereto, without hindrance, interference or molestation by or from any person, provided, however, that Landlord or Landlord's agent may examine the leased premises at reasonable times."
Although the trial court did not make a specific finding thereon, it is clear from the undisputed testimony of the record that crimes of violence both in terms of robbery to the business establishment and of other crimes in the neighborhood were of such a high incident that a business of the type intended by the parties could not be conducted upon these premises. It also appears that the appellant, as the lessee, made a thorough investigation of the neighborhood and was apprised of all the dangers incident to carrying on a business in the area. There is no question but that the appellants are experienced in business operations of the type undertaken and there is no suggestion that they were misled in their ascertainment of the facts. It is urged that the provision in the above-quoted lease amounts to a covenant that the neighborhood will continue to be such that a business could operate on the premises as anticipated by the lease. We think that such a construction in the cited provision of the lease is not justified by the lease itself or the circumstances surrounding the making of the lease. The law concerning constructive eviction which is in essence what the appellant claims in this case has been set forth in the case of Hankins v. Smith, 103 Fla. 892, 138 So. 494 (1931), where the court stated:
"A `constructive eviction' is an act which, although not amounting to an actual eviction, is done with the express or implied intention, and has the effect, of essentially interfering with the tenant's beneficial enjoyment of the leased premises. 36 C.J. 256, § 980. It may constitute a constructive eviction if the landlord does any wrongful act or is guilty of any default or neglect whereby the leased premises are rendered unsafe, unfit, or unsuitable for occupancy in whole, or in substantial part, for the purposes for which they were leased."
We conclude that the trial court correctly found that the circumstances here, which were beyond the control of the landlord, did not constitute a constructive eviction.
The cause is remanded to the trial court with directions to take such further evidence as may be offered upon the issue of damages and for the entry of the amended judgment setting damages in the amount established by the evidence upon the application of the law as herein set forth.
Affirmed in part, reversed in part and remanded with directions.