NATHAN, Judge.
This is an appeal by the plaintiff, George L. Ziegler and Verna L. Ziegler, his wife, and Lewis M. Chernoff, and Helen C. Cher-noff, his wife, from an order on mandate cancelling and discharging a supersedeas bond posted by the defendants, Samuel J. Fountas and Equities Diversified of Ohio, Inc., as principals, and written by St. Paul Fire and Marine Insurance Company, appel-lee herein, as surety, and the order of the trial court taxing appeal costs against the plaintiffs in favor of the defendants.
The defendants, plaintiffs’ tenants, breached their lease with 24 months remaining. The plaintiffs filed suit, resulting in a judgment in the trial court for the *40 balance of the rent due under the lease. The defendant tenants appealed to this court and posted the supersedeas bond written by St. Paul Fire and Marine Insurance Company.
On appeal, this court found that the trial court incorrectly computed the damages, affirmed the judgment in part, reversed it in part and remanded the case for further evidence on damages
“ . . . and for the entry of the amended judgment setting damages in the amount established by the evidence upon the application of the law as herein set forth.” Fountas v. Ziegler, 305 So.2d 864 (Fla. 3d DCA, 1975) at page 866.
On remand, the trial court entered an order on mandate in which it set a trial for the damage issue, cancelled and discharged the bond, and awarded the defendants their costs on appeal.
In the instant appeal from the order on mandate, the plaintiff-appellants contend that it was error for the trial court to cancel the bond since by its terms, the bond guarantees payment of “ . . . any money judgment contained and set forth in said judgment or any modification,not in-vreasing (sic) the amount there[of] . ” Thus, the judgment was only modified and the bond should remain in effect. St. Paul Fire and Marine contends that the bond was properly cancelled since by its terms, the bond guarantees payment of “ . . . any money judgment contained and set forth in said judgment . ” (emphasis supplied). Therefore, since this court’s opinion required a new trial as to damages, and not just a ministerial act, the former judgment is not effective and the bond guaranteeing its payment was properly cancelled.
The pristine issue in this case is whether the decision of this court on the former appeal was such an affirmance of the decree as to require the trial court to hold the surety liable on the supersedeas bond for the amount of the amended judgment setting damages necessarily in a lesser amount to be thereafter entered in the trial court upon taking further evidence on damages as directed by this court. In our opinion, it was error to cancel the bond and discharge the surety.
As stated in Kulhanjian v. Moomjian, 105 So.2d 783 (Fla.1958), “A partial reversal of a money judgment or decree by ordering a remittitur for excessiveness of damages, or by disallowing and deducting items of nonrecoverable damage therefrom, is quite clearly only a ‘modification’ of the judgment within the terms or the bond and not such a reversal as to discharge the surety from the obligation of the bond.” (emphasis added)
Under the facts presented in the case sub judice, after modification of judgment, there remains in effect a portion of the judgment, albeit a lesser sum, which the surety agreed to be responsible for and upon which execution can issue. The “amended judgment” mandated by this court would only be a modification of the judgment that the surety had obligated itself to satisfy. It would be part of the original judgment, applying the same legal principles to the facts and changing only the measure of damages. This being so, the partial affirmance of the judgment was effective to mature the obligation of the surety on the supersedeas bond.
Reversed.