375 So.2d 294 (1979)
Eleanor B. ROBINSON, Appellant,
v.
Fernanda PETERSON, Appellee.
No. 78-1184.
District Court of Appeal of Florida, Second District.
May 30, 1979.
*295 Lynn J. Griffith, Fort Myers Beach, for appellant.
Larry A. Echols, Fort Myers Beach, for appellee.
DANAHY, Judge.
Both the lessor and the lessee appeal from a final judgment for the lessor in a suit by the lessor for breach of the lease agreement. The lessor's complaint is that the trial judge failed to include prejudgment interest in the amount which he found due the lessor by reason of the breach. We agree with the lessor that this was error and reverse on that point. We have considered the points raised by the lessee and find them to be without merit.
The occurrences giving rise to this suit are not disputed. The lessee abandoned the leased premises during the term of the lease and failed to pay the rent stipulated to be paid in the lease agreement. *296 The lessor announced her election to retake possession of the leased premises for the account of the lessee, which was an option available to her. Coast Federal Savings and Loan Association v. DeLoach, 362 So.2d 982 (Fla. 2d DCA 1978). In such a case the liability of the lessee is the difference between the rentals stipulated to be paid and what, in good faith, the lessor is able to recover from a reletting. Coast Federal Savings and Loan Association v. DeLoach, supra.
The lessor eventually was able to sell the leased premises and brought this suit to recover the amount of unpaid rent under the lease agreement up to the date of the sale. She alleged that she made a good faith effort to relet the premises for the benefit of the lessee from the date of the breach to the date of the sale, but was unsuccessful through no fault of her own. The lessee vigorously challenged that allegation, but the trial judge found in favor of the lessor. We find no error in that regard.
In the final judgment the lessor was awarded the total amount of the installments of rent due under the lease agreement up to the date of the sale of the leased premises, less rent paid by the lessee and less an agreed upon credit to the lessee. No prejudgment interest was allowed.
The question whether a lessor is entitled to interest on unpaid rent seems to be clearly answered by Section 83.06(2), Florida Statutes (1977), which provides:
All contracts for rent, verbal or in writing, shall bear interest from the time the rent becomes due, any law, usage or custom to the contrary notwithstanding.
Neither party mentioned this statute to us, although it embodies a provision which has been the law in Florida unchanged for 150 years. Acts of the Legislative Council of the Territory of Florida, Seventh Session 1828, p. 202 (Section 6 of An Act to Provide for the Collection of Rents, approved November 21, 1828). We have not been told why Section 83.06(2) does not apply here.
The lessee argues that this is an action for "general damages" (presumably, then, not an action for rent) and it is improper to add prejudgment interest to a verdict for damages. The lessee supports that argument by juxtaposing the words "general damages" as used in Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944), and the word "damages" as used in Vacation Prizes Inc. v. City Nat. Bank of Miami Beach, 227 So.2d 352 (Fla. 2d DCA 1969). These decisions, however, do not combine to produce the result urged by the lessee.
In Williams v. Aeroland Oil Co., supra, the supreme court characterized the lessor's right of recovery, where the lessor elects to retake possession of the leased premises for the account of the lessee, as the right to hold the lessee liable "in general damages" for the difference between the rentals stipulated to be paid and what, in good faith, the lessor is able to recover from a reletting. In Vacation Prizes, Inc. v. City Nat. Bank of Miami Beach, supra, this court held that it is error to add prejudgment interest to a verdict for damages; but in so holding, the court defined the word "damages" to mean an unliquidated claim. The rule in Florida is that prejudgment interest is a proper element of damages when a claim is liquidated, but not where a claim is unliquidated. Town of Longboat Key v. Widell, 362 So.2d 719 (Fla. 2d DCA 1978). The decision in the Vacation Prizes case is completely consistent with that rule.
Therefore, assuming for purposes of discussion that the lessor's entitlement to prejudgment interest in this case is not established by Section 83.06(2), the question is simply whether the lessor's claim was liquidated. If so, prejudgment interest must be allowed under the general rule established by case law.
When an amount due is fixed by contract, the claim is liquidated. Kennedy v. George Cully Real Estate, Inc., 336 So.2d 484 (Fla. 3d DCA 1976). There can be no doubt that a lessor's claim for an amount measured by the amount of unpaid rent is a claim for a fixed and determinable amount and, therefore, is a liquidated claim whether or not the lessor's award is called "general damages."
*297 Had the lessee prevailed on the question whether the lessor did in fact use good efforts to relet, the lessor's right of recovery would have been entirely defeated. Weeks v. International Trust Co., 125 F. 370 (1st Cir.1903), error dismissed, 193 U.S. 667, 24 S.Ct. 853, 48 L.Ed. 839 (1904); Kanter v. Safran, 99 So.2d 706 (Fla. 1958). But the fact that there is a dispute as to whether a debt is actually due has no bearing on the question of entitlement to prejudgment interest. The rule is that if it is finally determined that the debt is due, the person to whom it is due is entitled not only to the payment of the principal of the debt but to interest at the lawful rate from the due date thereof. Parker v. Brinson Construction Company, 78 So.2d 873 (Fla. 1955).
The final judgment in this case is reversed with instructions to enter an amended judgment allowing interest on each installment of rent included in the award to the lessor, computed from the date that the installment fell due.
REVERSED.
GRIMES, C.J., and RYDER, J., concur.