376 So.2d 884 (1979)
David L. HULLEY, Appellant,
v.
CAPE KENNEDY LEASING CORPORATION, a Florida Corporation, et al., Appellees.
No. 78-1362/NT4-43.
District Court of Appeal of Florida, Fifth District.
October 31, 1979.
Paul Hagglund of Hagglund, Mangino & Hagglund, P.A., New Smyrna Beach, for appellant.
John M. Starling of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellee Cape Kennedy Leasing Corp.
*885 POWELL, ROM W., Associate Judge.
The salient facts necessary to the disposition of this appeal are as follows. Appellee Cape Kennedy Leasing Corporation as lessor brought suit against appellant David L. Hulley and other lessees on a written lease of certain real property. One count of the complaint alleged a breach of the lease due to lessees' failure to make certain rent and other payments. Another count sought to foreclose a mortgage on other property owned by one of the other lessees which had been given as a deposit to secure a certain amount of the rent payments to be made under the lease. Appellant Hulley filed an answer generally denying the breach of the lease and setting up three affirmative defenses. Appellee filed a reply generally denying each affirmative defense coupled with a motion to strike each defense on the ground that each was insufficient. The motion to strike was granted as to each defense. Appellee then filed a motion for summary judgment with supporting affidavits. No discovery by way of depositions, interrogatories or requests for admission of facts had been taken by any party. At this stage of the proceedings, and on this state of the record, appellee's motion for summary judgment was granted as to Hulley, and final judgment was entered against him from which he takes this appeal. We find error and reverse.
Appellant Hulley contends that the lower court erred in striking his three affirmative defenses. As to his first and second affirmative defenses, we agree. The first affirmative defense alleged a resumption of possession by appellee for its exclusive use with intent to terminate the lease. If proven, this would constitute a defense to the recovery of rents accruing after appellee's resumption of possession. Geiger Mutual Agency, Inc. v. Wright, 233 So.2d 444 (Fla. 4th DCA 1970). The second affirmative defense, although not artfully drawn, alleged a retaking by appellee as agent of appellants and a reletting by virtue of which appellants claimed a set-off. These two affirmative defenses were, we believe, sufficiently pled to withstand appellee's motion to strike them. Striking of pleadings is not favored and is an action to be used sparingly by the courts, with any doubts to be resolved in favor of the pleadings. Bay Colony Office Bldg. Joint Venture v. Wachovia Mortgage Co., 342 So.2d 1005 (Fla. 4th DCA 1977). Where, as here, a defense is legally sufficient on its face and presents a bona fide issue of fact, it is improper to grant a motion to strike. C & S Realty Investors v. Lastition, 332 So.2d 357 (Fla. 4th DCA 1976); Pentecostal Holiness Church, Inc. v. Mauney, 270 So.2d 762 (Fla. 4th DCA 1973).
It is axiomatic that summary judgment cannot be granted if there exist genuine issues of material fact. Fla.R. Civ.P. 1.510(c). The complaint, the answer, the erroneously stricken first and second affirmative defenses, the reply thereto and the affidavits[1] supporting the motion for summary judgment raised genuine issues of material fact. These issues were whether appellee resumed possession for its exclusive use with intent to terminate the lease or whether appellee did so as agent of the lessees with intent to relet, and if so, whether subsequent rents were received to which Hulley would have been entitled to a set-off and whether appellee was entitled to recover future rents.[2] This being so, the *886 lower court also erred in granting summary judgment against Hulley.
The final judgment against Hulley entered March 23, 1978, is reversed, with directions that the order striking the first and second affirmative defenses be vacated and that further proceedings be had in accordance with this opinion.
ANSTEAD, HARRY LEE, and LETTS, GAVIN K., Associate Judges, concur.
NOTES
[1] One of the supporting affidavits merely tracked the allegations of the complaint. None of the affidavits mentioned the matters asserted in the reply or contradicted the defense as would have been required for entry of summary judgment. See Pompano Paint Co. v. Pompano Bank & Trust Co., 208 So.2d 152 (Fla. 4th DCA 1968).
[2] The complaint and one affidavit alleged that because of an acceleration clause in the lease appellee was entitled to recover the balance of future rents. The answer denied this. We did not find such a clause in the lease. Absent an acceleration clause, a lessor must sue when each installment matures or for the whole when it becomes due. Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944). However, as we pointed out earlier, even with such a clause a lessor who resumes possession with intent to terminate a lease is not entitled to recover rents accruing after resumption of possession. Geiger Mutual Agency, Inc., supra.