SCHEB, Judge.
A-l Crane challenges the trial court’s entry of a nonfinal order determining the issue of liability by granting RCA’s motion for specific performance. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).
In Count III of a three count complaint, RCA alleged that notwithstanding its payment to A-l of the complete purchase price for a hydraulic crane, that A-l failed to deliver the title to RCA. RCA sought specific performance. A-l Crane answered, incorporating an affirmative defense of impossibility of performance. Specifically, A-l alleged that' title to the crane was being wrongfully withheld by its creditor, Credit Alliance, due to its alleged defaults on unrelated matters.
On motion of RCA, the court struck Al’s affirmative defense and granted summary judgment on Count III ordering A-l to transfer title to RCA within 20 days.
A-l’s affirmative defense appears legally sufficient on its face. In fact, it was supported by A-l’s answers to interrogatories. Thus, the court erred in striking it. Hulley v. Cape Kennedy Leasing Corp., 376 So.2d 884 (Fla. 5th DCA 1979). Moreover, given A-l’s affirmative defense, it was incumbent on RCA as movant for summary judgment to establish the nonexistence of any genuine issue of material fact by either disproving or establishing the legal insufficiency of A-l’s defense. Stewart v. Gore, 314 So.2d 10 (Fla. 2d DCA 1975). Only the parties’ pleadings and Al’s answers to interrogatories were before the court when the trial judge entered the order under review. Thus, the record fails to disclose that RCA met its burden. Consequently, it was error for the court to grant the relief sought by RCA.
We vacate the order striking A-l’s affirmative defense • and granting summary judgment and remand for further proceedings.
GRIMES, A.C.J., and LEHAN, J., concur.