PER CURIAM.
Landlord Holiday Plaza Corporation [Holiday Plaza] appeals a final judgment rendered in a dispute with its tenant, Cinemas of Miami, Inc. [Cinemas]. Holiday Plaza contends that the trial court erred in: 1) adopting appellee’s computation of a cost of living rent increase; 2) excluding price index evidence; 3) denying rent adjustment based on a tax increase; 4) denying interest on the cost of living increase; 5) dismissing count I of its complaint demanding possession of the premises; and 6) finding Holiday Plaza liable for damages to Cinemas’ property. We reverse as to points 3) and 4) and affirm as to the remaining, points.
The lease between Holiday Plaza and Cinemas provides that the obligation for additional rent based on increased taxes “shall commence when the land upon which the leased premises are located is assessed by the local taxing authority with full improvements or the lease year commencing in 1982, whichever first occurs.” The land with its improvements was first assessed in 1981, rendering 1981 the base year from which the increase in taxes and rent must be calculated. Thus, we find that 1982 is the first year in which rent may be adjusted for increased taxes and we remand for the trial court to determine the amount of the rent adjustment owed for 1982.
Further, because section 83.06(2), Florida Statutes (1979), specifically provides for the payment of interest from the time rent becomes due, we reverse the trial court’s denial of prejudgment interest and remand for the. trial court to calculate the amount of interest owed on the unpaid cost of living increase, as well as on the adjustment for the tax increase we have ordered in this opinion. See Robinson v. Peterson, 375 So.2d 294, 296 (Fla. 2d DCA 1979) [question whether lessor entitled to interest on unpaid rent clearly answered by section 83.06(2) ].
Based upon our review of the record and the applicable case law, we conclude that appellant’s remaining points lack merit.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.