ZEHMER, Judge,
concurring.
The sole contention made by appellant on this appeal concerned a perceived ambiguity in the final judgment. The trial court, finding that appellee landlord had not retaken possession of the premises after appellant had defaulted in rental payments, entered a judgment which acceler *502 ated appellant’s rent pursuant to explicit terms of the lease authorizing such acceleration upon default, and ordered immediate payment of the full amount of rental due for the five-year term of the lease. This judgment is consistent with the principle stated in Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346, 348 (1944), that upon default in payment the landlord “may stand by and do nothing, and sue the lessee as each installment of rent matures, or for the whole when it becomes due.” Appellant contends, however, that the terms of the final judgment also permit the landlord to take possession of the premises, relet it, and collect the rental from the new tenant in addition to that due under the judgment. At oral argument, counsel for appellee candidly agreed that under the terms of the judgment appellant continues to have the right of possession of the leased premises and that appellee, as landlord, has no power to relet the premises in derogation of that right. In view of this understanding and construction of the judgment, the supposed double recovery argued by appellant is not sanctioned by the trial court. For that reason, I agree to affirm.