526 So.2d 1018 (1988)
Nancy GOULD, Appellant,
v.
Frank VITIELLO, Appellee.
No. 87-2820.
District Court of Appeal of Florida, Second District.
June 15, 1988.
*1019 Ronald S. Webster of Rhodes & Tucker, Marco Island, for appellant.
Donald G. Childs of Scuderi & Childs, Marco Island, for appellee.
LEHAN, Judge.
In this suit by a landlord to collect rent unpaid by the tenant after the tenant broke the lease by vacating the premises, the tenant appeals the final judgment for the amount of unpaid rent and contends that the trial court erred in refusing to accept evidence as to mitigation of damages. We agree with that contention and reverse.
Appellant Gould entered into a one-year commercial lease agreement, dated September 11, 1981, to lease premises from appellee Vitiello. The lease was renewed for additional one-year terms in 1982 and 1983. On September 25, 1984, the lease was renewed for a three-year term at the rate of $1,000 a month. Gould vacated the premises during January, 1986. The premises were vacant through May of that year. Vitiello filed a complaint against Gould for payment of the $5,000 unpaid rent owed to June 1, 1986, when the premises were relet by Vitiello to another tenant.
Upon the breach of a lease by a tenant, the landlord has alternative remedies. They are (1) to treat the lease as terminated and resume possession of the premises; (2) to do nothing and sue the lessee as each installment of rent becomes due or when the whole amount is due; or (3) to retake possession of the premises for the account of the tenant, holding the tenant liable for the difference between the rent required by the lease and the amount the landlord recovers from reletting. See Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346, 347-48 (1944). If the landlord chooses the third alternative, any rentals received by the lessor from reletting must be deducted from the balance of rent due from the lessee under the lease. See Coast Federal Savings & Loan Association v. DeLoach, 362 So.2d 982 (Fla. 2d DCA 1978); Jimmy Hall's Morningside, Inc. v. Blackburn & Peck Enterprises, 235 So.2d 344 (Fla. 2d DCA 1970); Robinson v. *1020 Peterson, 375 So.2d 294 (Fla. 2d DCA 1979).
No case has been cited to us, nor have we found any, dealing with a situation like that in this case where a landlord, after default by the tenant, retakes possession, relets for the account of the tenant, and sues the tenant only for the unpaid rent up to the time of reletting. We see no reason why a landlord may not do so unless upon the reletting and during the remainder of the term of the lease under which the tenant was obligated, the landlord has received for the reletting a greater amount of rent than that which he would have received from the tenant under the lease. In that event, since the landlord was, under alternative (3) above, reletting for the account of the tenant, the tenant should be entitled to a credit against the amount he owed prior to the time of the reletting which credit is equal any surplus the landlord received upon the reletting over and above what the landlord should have received from the tenant under the terms of the lease, less any proper credits raised and proved.
At the trial of this case, when the tenant attempted through questioning of the landlord to obtain evidence as to any such surplus, the trial court sustained the landlord's objections to those questions. Since the tenant was thereby prevented from developing evidence as to amounts to be credited against the sums owed by him, it was error to sustain that objection.
Reversed and remanded for proceedings consistent herewith.
SCHOONOVER, A.C.J., and HALL, J., concur.