ALTENBERND, Judge.
National Advertising appeals a final judgment awarding damages for its breach of a lease agreement. We affirm the lower court’s finding that the lease was breached for that year of the lease beginning November 1, 1985. We reverse the lower court’s determination of damages.
In August 1984, National Advertising entered into a lease with Main Street Shopping Center. Under the lease, National Advertising obtained space from the shopping center for the construction of a highway billboard. The lease called for an an *595 nual payment of $6,000.00 with an annual increase of at least 5%. Under the lease, National Advertising had the right to terminate the lease upon fifteen days’ written notice:
[I]f at any time the highway view of the lessee’s displays is obstructed or obscured, or the advertising value of the displays is impaired or diminished, or the use or installation of such displays is prevented or restricted by law or by the lessee’s inability to obtain any necessary permits or licenses or if there occurs a diversion of traffic from, or a change in the direction of traffic on highways leading past the lessee’s displays....
The lease was subject to the condition that the bottom of the sign clear the top of the building by a minimum of forty feet. At the time the lease was executed, the Hillsborough County Building Department would not permit a sign which exceeded thirty-five feet in height unless a variance was obtained. National Advertising was or should have been aware that the sign could not be built without a variance. National Advertising did not apply for the variance but proceeded to pay Main Street $6,000.00 for the first year’s rent in October 1984.
In May 1985, Hillsborough County enacted a new sign ordinance. It grandfathered all existing nonconforming billboard signs, but made the standards for obtaining variances for new nonconforming billboard signs more stringent. Shortly thereafter, without attempting to obtain any permit or license, National Advertising notified Main Street that it was terminating the lease because the use was prevented or restricted by law. National Advertising refused to pay the annual rent payment of $6,300.00, which became due on November 1, 1985. The record contains substantial competent evidence to support the lower court’s determination that National Advertising breached the written lease agreement and owed Main Street the rental payment for that term of the lease beginning on November 1, 1985.
The lease agreement contains no clause which would accelerate future rent in the event of a breach. Main Street elected not to retake possession of the leasehold property, but rather to do nothing and to sue for rent as the rent became due. This is one of three options available to it under Florida law. Gould v. Vitiello, 526 So.2d 1018 (Fla. 2d DCA 1988).
Main Street alleged a contractual right to accelerate rent in its complaint. The complaint, however, attached the lease agreement as an exhibit and relied upon the lease to create its right to damages. Main Street argues that it should be entitled to accelerate the rent and receive the entire $72,856.33 awarded by the lower court because National Advertising did not move for rehearing or amendment of the judgment after it was entered. Florida Rule of Civil Procedure 1.530(e) provides:
(e) When Motion for Unnecessary; Non-Jury Case. When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal by an assignment of error whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, new trial or to alter or amend the judgment.
In this case, neither the lease nor any other evidence established a factual basis for accelerated damages. As a general rule in Florida, rent will not be accelerated and future rent is demandable only in the amounts and at the time specified in the lease. Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944). We see no reason to deviate from the general rule in this case.
On remand the lower court shall enter a judgment for that rent and prejudgment interest which is due for the time period beginning November 1, 1985, and ending October 31, 1986. Unless National Advertising can establish that it has provided written notice setting forth a ground for termination as enunciated in the subject lease for the rental terms beginning November 1,1986, through November 1,1988, the lower court is authorized to enter judgment for the rent and prejudgment interest due for those years. National Advertising is not precluded by this judgment from *596 providing a written notice of termination for future years if such a termination is permissible under the terms and conditions of the lease. Likewise, Main Street should continue to have the right to leave the premises in the legal possession of National Advertising and sue for rent as the rent becomes due.
Affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent herewith.
SCHEB, A.C.J., and DANAHY, J., concur.