BARKDULL, Judge.
The appellant, as lessor, and Zuckerman, as trustee lessee[1] entered into a sublease of certain real property on April 27, 1983. Subsequently, the individual appellees and Zuckerman entered into an agreement dated January 6, 1984, in which they reflected their relationship as to the sublease-hold *937 and their undertaking.[2] Thereafter, the sublease became in default and the lessor regained possession of the property by an eviction proceeding. Zuckerman, as trustee, then filed a declaratory decree action seeking to have the lease declared a nullity, a determination that none of the beneficiaries of the trust were personally liable on the lease, rescission of the lease and a return of funds paid under the lease. The lessor answered and filed a counter and cross claim against all the individual defendants seeking damages for breach of the lease, alleging that they were partners and as such were personally liable. The trial court ultimately entered judgment for the lessor against Zuckerman, as trustee only, in the amount of $40,975.00 and denied all other relief sought.
The lessor appeals and urges error in the amount of damages awarded, contending that the amount is insufficient, and in the failure to enter judgment against all the parties to the agreement of January 6, 1984. Zuckerman, as trustee, appeals and urges error in the failure to credit, as a set off against the amount due, the amounts received at the time of the signing of the lease in the nature of advance rent. Even though we find that the trial court should be affirmed on its finding of no partnership at the time of execution of the lease, we find that it erred in failing to include the individual defendants along with Zucker-man, as responsible parties under, the sublease, as lessees. By the agreement of January 6, 1984, parts of which are set forth in footnote number 2, the individual defendants identified themselves as partners at the time of the lease, or at least as of that date, and assumed a portion of the obligation of the lease as their interest may appear. Drew v. Hobbs, 104 Fla. 427, 140 So. 211 (1932); Kumar Corporation v. Nopal Lines, Ltd., 462 So.2d 1178 (Fla. 3d DCA 1985); Section 725.01, Florida Statutes (1983).
We find no error in the amount of damages awarded for the breach of the lease, there being no acceleration clause in the lease. Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944); Rashkin v. Pearce, 400 So.2d 541 (Fla. 4th DCA 1981); Hulley v. Cape Kennedy Leasing Corporation, 376 So.2d 884 (Fla. 5th DCA 1979); Aldridge v. Liberty Air, Inc., 210 So.2d 279 (Fla. 3d DCA 1968). We also find no error in denying a set-off of the advanced rent against the damages awarded for breach of the lease. Upon a breach and a determination of a leasehold interest, any advance rent belongs to the lessor and is lost to the lessee. Casino Amusement Company v. Ocean Beach Amusement Company, 101 Fla. 59, 133 So. 559 (1931).
The judgment in favor of the lessor should be amended to require, in addition to Zuckerman as trustee being 100% liable *938 to the lessor, that the other individuals should be also liable to the lessor in proportion to the interest they assumed in the agreement of January 6, 1984, and the cause is returned to the trial court for the purposes of modifying the final judgment to include these additional defendants.
Affirmed in part, reversed in part and remanded with directions.

. Terms of the trust were not set forth in the deed or recorded and therefore, even though Zuckerman was identified as a trustee, he was considered to have taken title in his individual name. Taylor v. Richmond's New Approach Association, Inc., 351 So.2d 1094 (Fla.2d DCA 1977); Section 689.071, Florida Statutes (1983).

. The agreement reads in part as follows:
"WHEREAS, the PARTNERS are the owners and holders of a certain sublease and an option to purchase certain premises known as 19255 Biscayne Boulevard, Miami, Florida, and more particularly described in Exhibit A-l attached hereto which sublease and option extends from FIRST D.M.V., INC. to IRWIN ZUCKERMAN, Trustee [on behalf of the "PARTNERS”] and,
WHEREAS, PARTNERS wish to either develop and/or otherwise dispose of the aforesaid property as a profitable enterprise and,
WHEREAS, the parties hereto [the “PARTNERS”] wish to define their respective interests. ...
******
NOW THEREFORE, in consideration of the premises and the mutual promises of the parties hereto it is agreed as follows:
1. That the interest of the parties in and to the property which is the subject matter of this agreement is as follows, to wit:
BLAYA 9.75609%
COSTANZA 9.75609%
HYMAN 4.87804%
KAHN 2.43902%
LESSER 4.87804%
MILLER 9.75609%
PAUL 4.87804%
RUSSELL 9.75609%
SANCHEZ 9.75609%
SUSSMAN 9.75609%
I. ZUCKERMAN 9.75609%
M. ZUCKERMAN 9.75609%
ZYNE 4.87804%
2. That the percentage of interest as set forth in the foregoing paragraph shall govern the assessment as well as the disbursement of funds in connection with the sale, leasing, maintenance and operation of the subject property.
******