566 So.2d 896 (1990)
CB INSTITUTIONAL FUND VIII, Appellant,
v.
GEMBALLA U.S.A., INC., Appellee.
No. 89-2367.
District Court of Appeal of Florida, Fourth District.
September 12, 1990.
Leonor M. Lagomasino of Stinson, Lyons, Gerlin & Bustamante, P.A., Miami, for appellant.
No appearance for appellee.
PER CURIAM.
Appellant (landlord) brought an action against the tenant for failure to pay rent on a commercial lease. The final summary judgment in favor of the landlord granted all relief sought except for accelerated future rent and other charges for the balance of the lease term, to which exception the landlord takes exception.
The trial court, relying on Geiger Mutual Agency, Inc. v. Wright, 233 So.2d 444 (Fla. 4th DCA 1970), concluded that landlord's taking possession of the leased premises precludes acceleration of future rent. Indeed, Geiger does say that, but in that case the landlord "resumed exclusive possession of the property for his own use ... ." Id. at 447 (emphasis supplied). We agree that under those circumstances acceleration is not permitted.
*897 As set forth in Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944), upon a tenant's breach the landlord may (1) terminate the lease and take possession of the premises for his own account, or (2) take possession of the premises for the account of the tenant and hold the tenant liable for damages (less any mitigation) for future rents due, or (3) do nothing and sue for rent as installment(s) become due.
Here, the landlord took possession of the premises for the account of the tenant, as indicated in the unrefuted affidavit in support of the landlord's motion for summary judgment. Under such circumstances, acceleration is appropriate and the lease provides for such remedy (reduced to present value however. In this instance a formula for calculating present value is set forth in paragraph 27.2 of the lease). See Colonial Promenade v. Juhas, 541 So.2d 1313 (Fla. 5th DCA 1989).
Accordingly, we reverse and remand for modification of the summary final judgment consistent with this opinion.
ANSTEAD and GLICKSTEIN, JJ., and MARTIN D. KAHN, Associate Judge, concur.