567 So.2d 1003 (1990)
VIBRANT VIDEO, INC., Appellant,
v.
DIXIE POINTE ASSOCIATES, Appellee.
No. 89-2110.
District Court of Appeal of Florida, Third District.
October 9, 1990.
Edward R. Rumin, Ft. Lauderdale, for appellant.
*1004 Rosenberg, Reisman & Stein and Gary M. Stein, Miami, for appellee.
Before BARKDULL, COPE and GERSTEN, JJ.
COPE, Judge.
Vibrant Video, Inc., the tenant under a commercial lease, appeals an adverse summary judgment. We reverse.
The tenant entered into a five-year lease for space in a shopping center owned by landlord Dixie Pointe Associates, Inc. Midway through the lease, the tenant vacated the premises. The landlord relet the premises at a lower rental and sued the tenant for the rental difference over the balance of the lease term. The landlord also demanded the unpaid installments of rent for the period prior to the reletting. The trial court entered summary judgment for the landlord and the tenant has appealed.
The tenant first contends that there was a disputed issue of material fact with respect to whether the landlord had relet at an unreasonably low rental and therefore failed to mitigate its damages to the extent possible. To the contrary, we conclude that the tenant's submissions did not create a disputed issue of material fact on that point.
The second point on appeal, however, has merit. The tenant contends that the award of rent due for the balance of the term[*] must be reduced to present value. We agree. See Fountas v. Ziegler, 305 So.2d 864, 865-66 (Fla. 3d DCA 1974); § 768.77, Fla. Stat. (1989). The trial court erred by entering summary judgment for the full amount of the landlord's claim for future losses without reduction to present value.
This court has said:
The appellees are clearly conceptually incorrect in their contention that present money value involves an issue of mitigation of the plaintiff's otherwise-established damages as to which the defendant bears the burden of proof... . Instead, the only recoverable element of the plaintiff's claim to future monetary losses is their present value.
Seaboard Coast Line R. Co. v. Burdi, 427 So.2d 1048, 1050 n. 4 (Fla. 3d DCA) (citation omitted; emphasis in original), review dismissed, 431 So.2d 988 (Fla. 1983); see Fountas, 305 So.2d at 866. In the present case the landlord moved for summary judgment, thereby undertaking the burden of showing the nonexistence of any disputed issue of material fact, as well as entitlement to judgment as a matter of law. Fla. R.Civ.P. 1.510(c). The landlord concedes that it bore the burden of proof, but contends that tenant did not raise the issue of present value below. Contrary to the landlord's assertion here, the tenant opposed the motion on that specific ground, among others. We reverse the final summary judgment and remand for determination of the present value of the landlord's claim for future monetary losses.
Reversed and remanded.
NOTES
[*] That part of the award was for future rental installments under the lease less the amount due from the reletting. See Kanter v. Safran, 99 So.2d 706, 707 (Fla. 1958); see generally Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944); CB Institutional Fund VIII v. Gemballa U.S.A., Inc., 566 So.2d 896 (Fla. 4th DCA 1990).