COPE, Judge.
Lessor First D.M.V., Inc., appeals a final judgment for rent due under a lease. Although the judgment is in the lessor’s favor, lessor contends that the final judgment should be for a larger amount.
The lease at issue in the present ease was described in this court’s opinion in First D.M.V., Inc. v. Amster, 645 So.2d 936 (Fla. 3d DCA 1989). It originated in 1983 and went into default in 1984. The landlord relet the premises, but could only do so at a lower rental.
The defaulted lease did not have an acceleration clause, so the lessor could only sue for rental amounts as they became due. The landlord brought suit and recovered judgment for its loss in rental amounts due up to March 1, 1985. That litigation was reviewed in First D.M.V., Inc. v. Amster, 545 So.2d at 936-38.
In 1990 the lessor initiated the present suit for its loss on later-due installments. In the meantime, on March 1, 1988, the lessor had sold the property to the successor tenant. The court awarded the lessor its loss in rental amounts for the period March 1, 1985 through March 1,1988, after giving credit for the rental amounts received from the new tenant. However, the court also reduced the landlord’s claim by giving the defaulting tenant credit for $50,000 in prepaid rent for the final twelve months under the original lease., Under that lease, the final twelve months would have occurred in the period 1991-92.
We agree with the lessor that the trial court erred by giving the $50,000 credit (attributable to the period 1991-92) against the lease amounts due for the period March 1, 1985 through March 1, 1988. This point was resolved against the lessee in the prior appeal. See id. at 937.* Accordingly, the judgment must be reversed and the cause remanded with directions to delete the $50,-000 credit.
As to the determination that the lessor could not maintain a claim for rent accruing after the March 1, 1988 date of sale, we affirm on authority of Gray v. Callahan, 143 Fla. 673, 197 So: 396, 398-99 (1940), and Stroshein v. Harbour Hall Inlet Club II Condominium Ass’n, Inc., 418 So.2d 473, 474-75 (Fla. 4th DCA 1982); see also § 689.-10, Fla.Stat. (1991); Robinson v. Peterson, 375 So.2d 294 (Fla. 2d DCA 1979).
Affirmed in part, reversed in part, and remanded.

The lessor concedes that if it had been able to maintain a suit for unpaid rental installments through the end of the lease in 1992, the lessee would have been entitled to the $50,000 credit.