Corrected Opinion

PER CURIAM.'
We withdraw the previous opinion in this case and substitute the following in its place.
Metric Engineering appeals from a final judgment finding it 70% liable in a construction accident. For the following reasons, we reverse and remand for a new trial on the issue of whether defendants Metric Engineering and Stone & Webster were joint venturers.
Patrick Gonzalez and Richard Mick sued Metric Engineering and Stone & Webster Engineering Corp. for negligence in claims arising from injuries they sustained while working on the Brickell Metromover extension. Gonzalez, a carpenter foreman, and Mick, his supervisor, had been standing on form work erected to support the construction of concrete pier caps on which the Me-tromover tracks would rest. When the concrete was poured, the form collapsed and Gonzalez and Mick fell forty feet to the ground. Both Gonzalez and Mick were employees of Odebrecht Church & Tower (OCT), the contractor hired by Dade County. Metric and Stone & Webster had been hired by Metropolitan Dade County to provide engineering consulting services. The contract between Dade County, Stone & Webster, and Metric provided that
Nothing in this agreement shall be construed to make any party hereunder the agent, employee, partner or joint venturer of the other_ Neither of the CONSULTANTS[1] shall be responsible for the direction, coordination, control or supervision of the other CONSULTANT hereunder except as specifically provided for in a Notice to Proceed. (Emphasis added.)
In their complaints, both Gonzalez and Mick alleged that Metric and Stone & Webster were joint venturers. Metric and Stone & Webster filed cross claims against each other for indemnification and contribution. Mick entered into a settlement agreement with Stone & Webster; Metric did not contribute to that settlement.
Gonzalez, the remaining plaintiff, moved for summary judgment on the joint venture issue, arguing in his motion that the terms of the contract between Dade County and the defendants created a joint venture. The trial court granted the motion, and refused to revisit the issue at trial. The jury found Metric 70% at fault, and OCT 30% at fault, and assigned no fault to Stone & Webster.
We reverse on the trial court’s pretrial entry of summary judgment on the joint venture issue, as the ruling was contrary to the plain language of the contract between the County and the consultants. As between Stone & Webster and Metric, the contract is clear and unequivocal: the parties expressly agreed that their relationship was not that of partners or joint venturers, and that neither was responsible “for the direction, coordination, control, or supervision of the other.”
“The essence of a joint venture is an agreement between the parties.” Cannova v. Garran, 92 So.2d 614, 620 (Fla.1957).
Liability of one member of a joint enterprise for the acts of another is a vicarious liability founded upon the relationship that has arisen between the parties ex contrac-tu; it springs from the operation of law upon the practical relationship into which the parties have voluntarily brought themselves by contract and is largely governed by principles analogous to those applicable to partnership and agencies.
Id. (citing Coral Gables Sec. Corp. v. Miami Corp., 123 Fla. 172, 166 So. 655, 557 (1936)). Accordingly, where the parties to a contract have clearly agreed that they would remain independent business entities and were not joint venturers or partners, no joint venture or partnership is created as between those parties. See Anthony Distrib., Inc. v. Miller Brewing Co., 882 F.Supp. 1024, 1031 (M.D.Fla.1995).
*356 Our holding as to the pretrial entry of summary judgment based on the contractual language would not preclude a jury finding that, based upon evidence presented at trial, Stone & Webster and Metric could be held jointly and severally liable to plaintiff Gonzalez for negligence. See First D.M.V., Inc. v. Amster, 545 So.2d 936 (Fla. 3d DCA 1989)(al-though no partnership may have existed when lease was executed, individuals later could have assumed obligations of partners); Knepper v. Genstar Corp., 537 So.2d 619, 622-23 (Fla. 3d DCA 1988)(existence of joint venture commonly a fact question to be determined by trier of fact; sufficient evidence may be adduced to establish all elements of joint venture), review denied, 545 So.2d 1367 (Fla.1989).
Reversed and remanded for a new trial on the issue whether defendants Stone & Webster and Metric Engineering were joint ven-turers.[2]
JORGENSON and FLETCHER, JJ., concur.
COPE, J., dissents.

. The "consultants” referred to were Metric and Stone & Webster.

. This opinion leaves undisturbed the jury's findings as to liability and the apportionment of fault.