DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

HOURGLASS ENTERTAINMENT, LLC, d/b/a STINGRAYS
BAR & GRILL; DENISE CARLASCIO; and ERIC MATUS,

Appellants,

v.

NRG INVESTMENTS, INC.,

Appellee.

No. 2D2024-1251

_____

July 16, 2025

Appeal from the Circuit Court for Hillsborough County; Emily A. Peacock, Judge.

Michael J. Labbee and Tyler A. Hayden of Phillips, Hayden & Labbee, LLP, St. Petersburg, for Appellants.

Rory B. Weiner of Rory B. Weiner, P.A., Brandon, for Appellee.

LABRIT, Judge.

Hourglass Entertainment, LLC, and its guarantors Denise Carlascio and Eric Matus appeal an amended final judgment awarding damages for breach of two commercial lease agreements. One lease was for space within a shopping center building, and the other was for space in the adjacent parking lot. We affirm the damages awarded for breach of the building lease without comment. But we reverse a portion of the damages awarded for breach of the parking lot lease because the trial

court awarded approximately four months of unaccrued rent without a contractual or legal basis to do so.

In August 2019, Hourglass executed the parking lot lease with NRG Investments, Inc. The lease allowed Hourglass to maintain and operate a food truck in the shopping center parking lot. The five-year lease term began on September 1, 2019, and it was due to expire on August 31, 2024. Before the lease expired, however, NRG filed a complaint against Hourglass, Carlascio, and Matus alleging that Hourglass defaulted on the lease and that rent was past due. The trial court held a two-day bench trial on these and other claims in November 2023. And it ultimately rendered an amended final judgment in favor of NRG on April 29, 2024.

Pertinent here, the amended final judgment found that Hourglass breached the parking lot lease "by failing to pay the full term of the lease," and it determined that Hourglass owed $39,858 in damages for that breach. The judgment does not explain how the trial court calculated these damages, but it states that Hourglass "stopped paying on th[e parking lot] lease in April 2021, but was obligated to pay through August 31, 2024." It therefore appears that the trial court awarded NRG rent for the forty-month period from April 2021 through August 2024. In doing so, the trial court awarded approximately four months of rent that had not yet accrued as of the date of the April 2024 amended final judgment. This was error.

"As a general rule in Florida, rent will not be accelerated and future rent is demandable only in the amounts and at the time specified in the lease." *Nat'l Advert. Co. v. Main St. Shopping Ctr.*, 539 So. 2d 594, 595 (Fla. 2d DCA 1989) (citing *Williams v. Aeroland Oil Co.*, 20 So. 2d 346, 348 (Fla. 1944)). That is, "[s]ince future rent is demandable only in the amounts and at the times named in the lease, the total cannot be

2

recovered at law in a lump sum in advance of the accrual of the installments" absent a provision in the lease that allows for such an award. *Williams*, 20 So. 2d at 348. The parking lot lease undisputedly contains no acceleration clause or similar provision. There was therefore no contractual basis to award accelerated rent for the four-month period between the date of the amended final judgment and the date of the expiration of the parking lot lease.

Furthermore, the law provides a landlord with only three options when a tenant breaches before the lease term expires. *See id.* at 347–48. A landlord may (1) "treat the lease as terminated and resume possession of the premises, thereafter using the same exclusively as his own for his own purposes"; (2) "retake possession of the premises for the account of the tenant, holding the tenant in general damages for the difference between the rentals stipulated to be paid and what, in good faith, the landlord is able to recover from a reletting"; or (3) "stand by and do nothing, and sue the lessee as each installment of rent matures, or for the whole when it becomes due." *Id.* NRG submits that it elected the second option for the parking lot lease by retaking possession for Hourglass's account, and that the trial court awarded damages as such. But even so, we are aware of no authority that allows a landlord to recover future, unaccrued rent when it elects this option. *Cf. Aldridge v. Liberty Air, Inc.*, 210 So. 2d 279, 279–80 (Fla. 3d DCA 1968) (reversing August 1966 judgment in part because it included "excessive" damages for future rent under a lease that did not expire until July 1969).

Indeed, when a landlord elects the second option, "the leasehold estate remains in existence," *Hudson Pest Control, Inc. v. Westford Asset Mgmt., Inc.*, 622 So. 2d 546, 549 (Fla. 5th DCA 1993), and the landlord can hold the tenant liable for the difference between the rent the tenant should

3

have paid and any substitute rent the landlord is able to recover, *Williams*, 20 So. 2d at 348. A landlord has a corresponding duty to mitigate its damages in that scenario, and it must undertake good faith efforts to relet the premises. *See Coast Fed. Sav. & Loan Ass'n v. DeLoach*, 362 So. 2d 982, 984 (Fla. 2d DCA 1978); *Hudson Pest Control, Inc.*, 622 So. 2d at 549. Given these considerations, awarding future rent to a landlord that elects the second option assumes two things that we simply cannot know—and a landlord simply cannot prove—through evidence at trial: that the tenant will not pay rent in the future as it comes due, and that the landlord will continue to abide by its duty to mitigate. Awarding future rent in that case could also discourage a landlord from mitigating its damages, and it would effectively grant the landlord a right to accelerate rent without the parties having agreed to this remedy in the lease agreement. The law does not extend this far.

At bottom, there was no contractual or legal basis to award NRG unaccrued rent for the unexpired period of the lease term between the amended final judgment on April 29, 2024, and the expiration of the parking lot lease on August 31, 2024. We reverse this portion of the judgment and remand with directions to deduct the rent awarded for this time period from NRG's damages under the parking lot lease.

Affirmed in part; reversed in part; remanded with directions.

SILBERMAN and KELLY, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

4