**POWELL et al. v. LOUNEL, Inc.**

No. 12537.

United States Court of Appeals
Fifth Circuit.

April 4, 1949.

Gustav Feuer, H. Reid DeJarnette, and W. M. O'Bryan, all of Miami, Fla., for appellants.

Isaac Joffe and Donald J. Eanett, both of Miami, Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

This is a proceeding in bankruptcy to determine whether the lien of a landlord on the restaurant equipment in the leased premises is superior to the lien of the chattel mortgage of the vendor of the same property. The Referee in Bankruptcy made the following findings of fact:

"Frances K. Powell and George C. Powell, during the year 1947, were operating a restaurant at 525 41st Street, Miami Beach, Florida. They entered into negotiations with the bankrupt on a sale by them to the bankrupt of the business, whereby the bankrupt was to pay them part cash and execute a chattel mortgage for the balance of the purchase price on the assets of the business located at the same address, in the sum of $4,500.00. At the same time the bankrupt entered into a business property lease with Lounel, Inc. covering the premises. Lounel, Inc. was represented in the negotiations by Bessie Nelson. The testimony is silent as to what happened to the then existing lease between Lounel and the Powells, and the assumption must be that all parties considered it as being cancelled.

"Mrs. Hopkins, the bankrupt, was short of cash; and all of the parties, the bankrupt, the landlord, the owner and the agent met and discussed at some length the proposed transfer. Here there is some conflict in the testimony. The bankrupt, the agent, and the sellers all say that Mrs. Nelson knew that the sellers were to take back a chattel mortgage, on the premises. Mrs. Nelson denies that she knew that a chattel mortgage was to be taken by the Powells from Mrs. Hopkins. However, it is my opinion that Mrs. Nelson, ie, Lounel, Inc., either knew or had reasonable cause to believe that a part of the consideration for the sale of the equipment was to be in secured deferred payments. The lease from Lounel to Hopkins was dated December 17, 1947. The chattel mortgage from Hopkins to Powell was dated December 18, 1947, and recorded January 24, 1948. The property covered by the chattel had been for many months prior thereto the property of the Powells, and had been located on the premises."

On these facts the Referee held that the lien of the landlord was superior to the lien of the chattel mortgage of the vendor under Sec. 83.08 of the Florida Statutes Annotated, the pertinent portions of which are as follows:

"Every person to whom rent may be due * * * shall have a lien for such

rent upon the property found upon or off the premises leased or rented, and in the possession of any person, as follows:

\*   \*   \*   \*   \*   \*

"(2) Upon all other property of the lessee or his sub-lessee or assigns, usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of such property on the premises leased."

The ruling of the Referee was, on review, affirmed by the District Judge who thought that since the property had been brought on the premises of the landlord by the Powells, the former tenants and owners of the restaurant equipment involved, the lien of the landlord had then attached and would continue until the property was removed.

It is to be kept in mind that Frances K. and George C. Powell were the former operators of a restaurant on the premises in question and owned the furniture and fixtures used in the operation of the restaurant; that the Powells sold the furniture and fixtures to Mrs. Hopkins, the bankrupt, upon a cash payment with the balance secured by a chattel mortgage on such equipment and fixtures; that the landlord was apprised of the negotiations and arrangements between the Powells and Mrs. Hopkins and facilitated the transaction by leasing the premises to Mrs. Hopkins, the new tenant and the purchaser of the fixtures. In furtherance of that general understanding Lounel, Inc., executed and delivered to Mrs. Hopkins a lease to the same restaurant premises on the 17th day of December, 1947. The chattel mortgage from Mrs Hopkins to the Powells was dated one day later.

The record is silent as to when title passed from the Powells to Mrs. Hopkins; that is, there is no showing whether there was a bill of sale executed from the Powells to her and, if so, when it was delivered or when the possession of the furniture and fixtures was given, or when the down payment was made by the purchaser to the vendors. In short, the record fails to show when the bankrupt acquired title to the furniture and fixtures.

It is to be kept in mind that the statute gives a lien for rent to "Every person to whom rent may be due \* \* \* upon \* \* \* property of the lessee" kept on the premises leased. It is quite clear that the landlord had no lien on the property of the Powells because: (1) There was no rent due from the Powells, and (2) the landlord in leasing the property to Mrs. Hopkins, canceled the lease to the Powells. This being true, there was no lien upon the property of the Powells on the date of the cancellation of the lease to Powells and the making of the lease to bankrupt. Nor was there a lien thereon when the transfer of the equipment was made to Mrs. Hopkins. When the landlord canceled the fully paid-up Powell lease, the fact of the prior bringing of the property on the premises by Powells no longer had any legal effect in the matter. When the former lease was, by consent of the parties, canceled, the legal incidents of the lease likewise went out. Neither a lien, nor any of its attributes, was carried over. It was a new deal, by which Mrs. Hopkins came in and Powells went out, to which we must look for the lien and its priorities.

We must concern ourselves here with a lien for rent due by Mrs. Hopkins, under a lease to Mrs. Hopkins, on property of Mrs. Hopkins, effective from the time that her property came onto the leased premises. The statute provides that the lien shall be upon the property of the lessee—not upon the property of the vendor of the lessee against which no rent was due.

In Ruge v. Webb Press Co., 71 Fla. 536, 71 So. 627, 629, L.R.A.1916F, 446, the Supreme Court of Florida, in construing the pertinent sub-section of the statute said:

" \* \* \* The lien given by the statute is a charge only upon the property of the tenant; but as the machinery described was not the property of the tenant at the time it was placed upon the lots, it follows that no lien attached to it until the relation of landlord and tenant existed between the owners of the lots and the owners of the machinery or their assigns."

In Baer v. General Motors Acceptance Corporation, 101 Fla. 913, 132 So. 817, 822, the Supreme Court of Florida held, in reference to automobiles kept upon the leased premises on which the rent was in default, that where automobiles were pur-

chased by the tenant on conditional sales contract, the rights of the vendor were superior to the landlord's lien for rent unless title to the automobile passed to the tenant during the time the automobiles were on the leased premises. The Court discussed the holdings in two other Florida cases, saying:

"In the case of Hudnall v. Paine, 39 Fla. 67, 21 So. 791, it was held that, when property is being purchased by the tenant under a retained title contract, the vendor who has retained the title has priority over the lien for rent. In the case of Edwards v. Baldwin Piano Co., 79 Fla. 143, 83 So. 915, it was held that, unless the pianos, titles to which were retained in vendor, became and were defendant's (dealer's) property under the law, they were not subject to levy and sale for rent while in a rental storeroom."

It, therefore, is the law of Florida that the landlord's lien does not attach to the property brought on the premises until the title thereto is in the lessee.

In the present case the lease was made on December 17. For aught the record shows the tenant then had no title to the furniture and fixtures. It appears that the mortgage was not delivered until the 18th of December. Perhaps title passed at the same time; that is, the sellers might have delivered the bill of sale, taken the mortgage, and turned over the property as a simultaneous transaction. But title to personal property could have been passed merely by delivery. The cash payment could have been made, possession delivered, and title passed prior to the date of the mortgage. The time of the passing of the title is not revealed either by the record, the findings of the Referee, or the findings of the District Judge. The fact that the furniture was already on the premises was a collateral circumstance because title must first be acquired by the tenant under the Florida decision construing the statute. The critical event in this case was the passing of title to the new tenant, and the critical time by which the rights of the creditors here must be measured was the time of the passing of that title. If such title passed simultaneously with the giving of the mortgage, then under the statute no lien superior to that of the mortgagee would be conferred upon the landlord.

In view of the failure of the record to show that the title passed to the tenant prior to the delivery of the mortgage and our conclusion that the lien could not fasten until the title was in the tenant, the order of the Court below is reversed and the cause is remanded in order that further inquiry may be had and an order made conformable to the situation existing at the time the title to the property passed to the bankrupt.

Reversed and remanded.