227 So.2d 891 (1969)
G.M.C.A. CORPORATION, a Florida Corporation, Appellant,
v.
NONI, INC., a Florida Corporation, John W. Geer and Marcelline Geer, His Wife, Appellees.
No. 69-362.
District Court of Appeal of Florida. Third District.
November 18, 1969.
Pallot, Silver, Pallot, Stern, Proby & Adkins, Miami for appellant.
Shutts & Bowen and Robert C. Sommerville; Kimbrell & Bailey Miami, for appellees.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
BARKDULL, Judge.
Involved in this appeal is a priority of liens. We hold that a landlord's lien [pursuant to provision of § 83.08, Fla. Stat., F.S.A.] attaches either at the time of the commencement of a tenancy or when a chattel is brought on the premises. Lovett v. Lee, 141 Fla. 395, 193 So. 538; McKesson & Robbins, Inc. v. Taft Street Shopping Center, Fla.App. 1966, 184 So.2d 210; 20 Fla.Jur., Landlord & Tenant, § 93. It has been held that a liquor license is subject to a chattel or a landlord's lien. Yarbrough v. Villeneuve, Fla.App. 1964, 160 So.2d 747; Hubbard v. Jebb, Fla.App. 1964, 163 So.2d 307.
The original tenancy in this case commenced in 1962. A liquor license was brought on the premises at, or shortly after, the commencement of the original term of the lease. The original term was for five years, with a five year option. The original parties recognized that the option to extend for an additional five years had been effected and, pursuant to the provisions of the lease, the landlord agreed to assignment of the lessee's interest to a third party in November of 1967, with the tenancy to commence January 2, 1968. At this time, the original tenants were not released from liability on the lease, although they took from their assignee a note secured by a purchase money mortgage which, among other things, encumbered the liquor license.
The facts were undisputed; the trial judge held the landlord's lien inferior to the lien created by the chattel mortgage, evidently because of the execution of the assignment and knowledge of the chattel *892 mortgage. We reverse. Under the statute and authorities, the landlord's lien was superior to the subsequently created chattel lien and, without specific acts of the landlord agreeing to subordinate his lien to that of the chattel mortgage, he continued to possess a priority of lien over that of the chattel mortgagee. Little & Son v. Bryan, 100 Fla. 1577, 131 So. 652; National Title Insurance Company v. Mercury Builders, Inc., Fla.App. 1960, 124 So.2d 132; 22 Fla. Jur., Mortgages, § 131; 36 Am.Jur., Mortgages, § 222.
Therefore, for the reasons above stated, the final decree of foreclosure here under review is modified to the extent of indicating that the landlord has a priority for rent superior to that possessed by the mortgagees, Geer.
Reversed and remanded, with directions.