556 So.2d 1123 (1989)
Bennie H. FLOWERS, Plaintiff/Appellant,
v.
CENTRUST SAVINGS BANK, Defendant/Appellee.
No. 89-327.
District Court of Appeal of Florida, Third District.
October 17, 1989.
Rehearing Denied March 9, 1990.
*1124 Kirkpatrick & Lockhart, and Mark D. Cohen, Miami, for appellant.
Fine Jacobson Schwartz Nash Block & England, and Anthony J. Carriuolo, Miami, for appellee.
Before NESBITT, BASKIN and GERSTEN, JJ.
GERSTEN, Judge.
This is an appeal from a final judgment of foreclosure in favor of a landlord pursuant to section 83.08, Florida Statutes (1987). We reverse.
The case before this court concerns several separate and successive leases between Centrust Savings Bank (landlord/appellee) and International Furniture Manufacturers, Inc., (tenant); and the rights of a perfected chattel mortgage holder, Bennie H. Flowers (appellant), who perfected his chattel mortgage lien on the leased premises, during the period of the first lease between the landlord and the tenant.
The landlord and the tenant first entered into a lease for an eleven and one-half month term. During this first lease period, the appellant and the tenant entered into a chattel mortgage which was perfected. Meanwhile, the landlord and the tenant fulfilled their obligations under this first lease.
Subsequently, the landlord and the tenant entered into a second lease which had a variance of terms from the first lease. This second lease was neither an option nor a renewal of the first lease. After this lease expired, the landlord and the tenant continued their rental relationship on a month-to-month basis.
The landlord and the tenant then entered into a third, separate, distinct lease with new terms and conditions. The tenant, however, did not fulfill its obligations under this last lease. The landlord claimed a statutory landlord's lien under section 83.08, Florida Statutes, against the tenant's personal property on the leased premises. The trial court found the landlord's statutory lien superior to the appellant's perfected chattel mortgage lien. This appeal then ensued.
The appellant asserts that when a landlord's lien is created at the commencement of a tenancy, the lien is extinguished once the terms and conditions of the underlying lease have been fulfilled. The appellee landlord contends that once a landlord's lien is created at the commencement of a tenancy, the lien is not extinguished so long as the landlord-tenant relationship continues.
The landlord thus claims a prior and perpetual landlord's lien, regardless of the separate and distinct leases entered into, so long as the landlord and the tenant remain the same. We disagree with the landlord and agree with the appellant.
Section 83.08, Florida Statutes, provides in pertinent part:
Every person to whom rent may be due, ... shall have a lien for such rent upon the property found upon or off the premises leased or rented, ... as follows:
... .

*1125 (2) Upon all other property of the lessee ... usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of the property on the premises leased.
Nowhere in the statute does it indicate that the superiority of a landlord's lien over a subsequent lienholder, continues after the lease period has ended, the lease's terms and conditions fulfilled, and a new lease is entered into between the same landlord and the same tenant.
Had the landlord and the tenant continued their relationship under the initial lease, renewed the initial lease, exercised an option under the initial lease, or had the tenant failed to fulfill the terms and conditions of the initial lease, the trial court would have been correct. See Sachs v. Curry-Thomas Hardware, Incorporated, 464 So.2d 597 (Fla. 1st DCA 1985); G.M.C.A. Corporation v. Noni, Inc., 227 So.2d 891 (Fla. 3d DCA 1969). However, this is not the case. In the present case, the tenant did fulfill the terms and conditions of the initial lease; and new and different leases were subsequently entered into between the landlord and the tenant.
The landlord relies heavily on Sachs v. Curry-Thomas Hardware, Incorporated, 464 So.2d at 597. Sachs, however, is distinguishable from this case. In Sachs, there existed at all times a tenancy based on a lease, under which the landlord "could have initiated an action for unpaid rent." Sachs, 464 So.2d at 600.
The landlord also relies on this court's case of G.M.C.A. Corporation v. Noni, Inc., 227 So.2d at 891. G.M.C.A., however, involves the priority of a landlord's lien in a case in which the tenant had exercised an option under the lease. Again, that is simply not the case, here. In this case, there are multiple, separate and distinct leases with varying terms and conditions.
We hold that when the commencement of a tenancy, based upon a lease, creates a statutory landlord's lien, pursuant to section 83.08, Florida Statutes, such lien is viable only as long as the underlying lease exists. Once the tenant's obligations have been met under the lease, the landlord's lien is extinguished and any other inferior liens may ripen to a priority superior to a landlord's lien, which may come to fruition by virtue of the existence of a new lease. Reversed.