593 So.2d 560 (1992)
FLORIDA EAST COAST PROPERTIES, INC., and Northwestern Capital Corporation, Appellants,
v.
BEST CONTRACT FURNISHINGS, INC., and Churchill's Restaurant Corporation, Appellees.
No. 91-2156.
District Court of Appeal of Florida, Third District.
January 28, 1992.
Simon, Schindler & Sandberg and David L. Laurence, Miami, for appellants.
James L. Essenson and Michael J. Belle, Sarasota, for appellees.
Before HUBBART, COPE and GERSTEN, JJ.
COPE, Judge.
Florida East Coast Properties, Inc., and Northwestern Capital Corporation appeal an order determining priority of liens and denying its request for immediate possession of personal property. We reverse.
In 1988 Florida East Coast Properties, Inc., as landlord,[1] entered into a commercial *561 lease with appellee Churchill's Restaurant Corporation. Churchill's, the tenant, was to operate a restaurant within the leased premises. The landlord reserved a landlord's lien for rent with respect to all personalty brought onto the leased premises. Because the landlord also agreed to pay over $1 million for tenant's leasehold improvements, the lease provided that upon expiration or termination of the lease, the personalty and fixtures on the premises would become the property of the landlord if they had been totally or partially paid for by the landlord.
Tenant entered into a contract with appellee Best Contract Furnishings, Inc., for furniture for its restaurant. Tenant made several advance payments to Best. Final payment was due at the time tenant gave notice to Best to ship the furniture to the job site. However, when shipment to the job site was requested, tenant did not make final payment. According to Best, there was an oral modification to the contract so that tenant would pay at the time of delivery. Best delivered the furniture, but tenant did not pay.
Best did not file a U.C.C.-1 financing statement. The tenant later went out of business, still owing Best $17,010 for the restaurant furnishings. Best filed a suit for replevin of the furnishings and alternatively, for damages. The suit was brought nine months after delivery of the furnishings.[2] The trial court denied replevin but entered a money judgment in Best's favor.
Best then sought to execute on the restaurant furnishings. The landlord moved to intervene, contending that its landlord's lien and its rights under the lease agreement were superior to the execution lien and any other lien of Best. The trial court ruled in favor of Best and the landlord has appealed.
Best takes the position that it is entitled to prevail under the Uniform Commercial Code ("U.C.C."). Best relies on subsection 672.507(2), Florida Statutes (1989), which provides, "Where payment is due and demanded on the delivery to the buyer of goods or documents of title, his right as against the seller to retain or dispose of them is conditional upon his making the payment due." Thus, "[a] cash seller has the right to be paid upon delivery of goods and, if not paid, to reclaim the goods. This right is codified by § 2-507(2)." U.C.C. Permanent Editorial Board ("PEB") Commentary No. 1, March 10, 1990.[3] As one commentator has put it, "[b]y judicial construction, it is held that when goods are delivered on condition that payment is made, the seller may reclaim the goods when the payment is not made." 3 R. Anderson, Uniform Commercial Code § 2-507:8 (1983) (footnote omitted).
Best contends that it had a right under the U.C.C. to reclaim the goods in question because Best never received final payment. In Best's view, its statutory right under section 672.507 is superior to all other interests. In addition, Best contends that the text of subsection 672.507(2) prevented the tenant from conveying any lien or other contractual interest to the landlord pursuant to the commercial lease agreement.
As a preliminary matter, we believe that Best's claim under subsection 672.507(2) is barred by res judicata. In the underlying action Best sought replevin of the furnishings. Best's claim of right to immediate possession of the personalty rested on the right of reclamation. The trial court ruled against Best on the replevin count and instead entered a judgment for money damages.[4] The issue appears to have already been determined adversely to Best.
Assuming, however, that the point is properly before us, Best's interpretation of subsection 672.507(2) is incorrect. The *562 cash seller's right of reclamation "is in the nature of a lien." Official Comment 3 to U.C.C. § 2-507, as amended 1990.[5] However, as the amended Official Comment and the Permanent Editorial Board Commentary both make clear, subsection 672.507(2) establishes rights and responsibilities between buyer and seller only. "If the rights of third parties are implicated § 2-403(1)(b) and (c) protect good faith purchasers." PEB Commentary No. 1, 3A Uniform Laws Annot. (Supp. 1991), at 286.
Section 672.403 provides, in pertinent part:
(1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though:
... .
(c) It was agreed that the transaction was to be a "cash sale,"... .
Section 672.403, Fla. Stat. (1989) (emphasis added).
In the present case the landlord is a third party who is entitled to rely on section 672.403. The tenant had by contract conveyed a property interest in the furnishings to the landlord.[6] The landlord would retain possession of the furnishings upon termination of the lease. This transaction was a sale of those furnishings to the landlord. Thus, the landlord is a third party who is entitled to rely on section 672.403. See Matter of Samuels & Co., Inc., 526 F.2d 1238 (5th Cir.) (en banc), cert. denied, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976); In re The Charter Company, 49 B.R. 513, 516 (Bankr.M.D.Fla. 1985); cf. 3 R. Anderson, Uniform Commercial Code § 2-507:3, at 656 ("U.C.C. § 2-507(2) applies only as between the seller and the buyer and does not affect the rights of a creditor of the buyer who acquired a security interest in the goods as soon as the buyer obtained possession of them.") (footnote omitted).
We conclude that the landlord's position took precedence over Best's later-in-time execution lien.[7],[8] We reject Best's alternative argument for affirmance.
The order under review is reversed and the cause remanded with directions to enter judgment for the landlord.
NOTES
[1] Florida East Coast Properties assigned the lease to appellant Northwestern Capital Corporation. They will collectively be referred to as landlord.
[2] The contract was entered into on Oct. 31, 1989. Final payment of $17,010 was due on February 1, 1990. Suit was filed November 14, 1990.
[3] Reprinted in 3A Uniform Laws Annotated (Supp. 1991), at 284.
[4] There was no appeal of the dismissal of the replevin claim, and the judgment has become final.
[5] Official Comment 3 was amended in 1990 as follows:

The last sentence of Official Comment 3 to § 2-507 is deleted as inappropriate and replaced by the following:
... This subsection (2) codifies the cash seller's right of reclamation which is in the nature of a lien.
There is no specific time limit for a cash seller to exercise the right of reclamation. However, the right will be defeated by delay causing prejudice to the buyer, waiver, estoppel, or ratification of the buyer's right to retain possession. Common law rules and precedents governing such principles are applicable (section 1-103). If third parties are involved, Section 2-403(1) protects good faith purchasers. See PEB Commentary No. 1, dated March 10, 1990.
PEB Commentary No. 1, 3A Uniform Laws Annot. (Supp. 1991), at 286.
[6] This was in addition to the statutory lien created by section 83.08, Florida Statutes (1989) ("Landlord's lien for rent"), which landlord's lien was superior to any other lien acquired subsequent to the bringing of the property onto the premises leased.
[7] We surmise that the predecessor trial judge so reasoned in denying replevin.
[8] It appears that Best could have protected its position by availing itself of the provisions of article 9 of the U.C.C. and perfecting its security interest in the equipment before the equipment was placed on the landlord's property. It failed to do so.