647 So.2d 988 (1994)
LYNCH AUSTIN REALTY, INC., as agent for Heritage Court Associates, Inc., Appellant,
v.
Kathy A. ENGLER, Philip W. Engler, Judith A. Hirsch, and Dennis Hirsch, Appellees.
No. 93-04150.
District Court of Appeal of Florida, Second District.
December 16, 1994.
Richard M. Treiser of Treiser, Kobza, Leigh & Hagaman, Chtd., Naples, for appellant.
No appearance for appellees.
LAZZARA, Judge.
Lynch Austin Realty, Inc. (Lynch) appeals a final judgment, rendered after a non-jury trial, in its action for tortious interference with a commercial landlord's lien and distress *989 rights for unpaid rent[1] and for violation of statutory lien rights.[2] We reject Lynch's contention that the trial court erred by absolving appellees Philip Engler and Dennis Hirsch of liability and affirm that aspect of the judgment. We agree, however, that the trial court erred by reducing the liability it imposed on the appellees Kathy Engler and Judith Hirsch by an amount they claimed was owed suppliers of Lynch's corporate tenant for inventory otherwise subject to Lynch's landlord lien. Accordingly, we reverse and remand with directions that the amount of this offset be stricken and that the judgment be amended accordingly.
At trial, the parties presented a written stipulation regarding certain uncontested facts which the trial court later incorporated in its written judgment.[3] The parties agreed that Lynch executed a written lease agreement with Splendid Swan, Inc. (Splendid Swan); that appellees Kathy Engler and Judith Hirsch executed the lease as guarantors; that Splendid Swan owed Lynch approximately $45,000 in unpaid rent; that personal property of Splendid Swan, including inventory, fixtures, and equipment were regularly kept on the leased premises; that appellees Kathy Engler and Judith Hirsch removed the distrainable property from the premises with notice and knowledge that Splendid Swan owed rent to Lynch; and that the value of the removed property was $55,000.[4]
Appellees Kathy Engler and Judith Hirsch then offered conclusory testimony, unsupported by documentation, that more than half of the removed property consisted of unspecified inventory from unidentified suppliers for which no payment had been made. Although they offered no evidence specifying the exact nature of Splendid Swan's business relationship with these suppliers, it appears from the record that the arrangement consisted of a delivery of goods on consignment for resale on the leased premises.
In imposing liability on these two appellees, the trial court concluded that they "tortiously interfered with the legal rights of the landlord to a lien against the personal property that was removed from the leased premises which was of a value in excess of the total sum which was due and owing to the landlord as rent." However, it then limited their liability to one-half of the stipulated value of the removed personal property because it concluded that suppliers of half this property had not been paid. Thus, the trial court necessarily determined that these suppliers had claims in one-half of the removed property that were superior to Lynch's landlord lien. We conclude that such a determination was erroneous in light of the record evidence.
Section 83.08(2), which the trial court correctly applied to this case, confers a landlord's lien for rent "[u]pon all other property of the lessee or his sublessees or assigns, usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of the property on the premises leased."[5] As interpreted, the lien under this statute "attaches either at the time of the commencement of a tenancy or when a chattel is brought on the premises, whichever is later, and is superior to a subsequently created chattel lien." United States v. S.K.A. Assoc., Inc., 600 F.2d 513, 515 (5th Cir.1979) (construing Florida law). Additionally, "without specific acts of the landlord agreeing to subordinate his lien to that of [a] chattel mortgage, he continues to possess a priority of lien over that of [a] chattel mortgagee." Geiger Mut. Agency, Inc. v. Wright, 233 So.2d 444, 446 (Fla. 4th DCA 1970). Under the statute, however, a "landlord's lien *990 is not superior to a lien acquired by another prior to the bringing of the property upon the leased premises, or prior to the commencement of the tenancy under the lease." Ruge v. Webb Press Co., 71 Fla. 536, 544, 71 So. 627, 629 (1916).
Historically, such a lien "did not have to be recorded in order to have priority over a subsequently acquired security interest or lien." Mathias v. Walling Enter., Inc., 609 So.2d 1323, 1326 (Fla. 5th DCA 1992) (en banc), affirmed, 636 So.2d 1294 (Fla. 1994). The Florida Uniform Commercial Code continues to recognize this historic exception in section 679.104(2), Florida Statutes (1991), by exempting a landlord's lien from the requirement of recording. See also Flanigan's Enter. v. Barnett Bank, 639 So.2d 617, 619 n. 2 (Fla. 1994) ("[C]hapter 679 by its own terms does not apply to landlords' liens.").
In this case, Lynch was entitled to a landlord's lien for the full value of the personal property removed from the leased premises absent evidence that a portion of this property was subject to a superior security interest. See Powell v. Lounel, Inc., 173 F.2d 743 (5th Cir.1949) (interpreting Florida law); see also Mathias v. Walling Enter., Inc., 609 So.2d 1323, 1327 ("Where a third party has already perfected a security interest before the landlord's lien arises, the prior perfected security interest takes precedence over the landlord's lien."). The only issue, therefore, is whether appellees Kathy Engler and Judith Hirsch sufficiently proved that Splendid Swan's suppliers had a superior interest as to one-half of the removed property such that these appellees were entitled to an offset in fixing their liability for damages sustained by Lynch. We look to section 672.326, Florida Statutes (1991), for guidance in resolving this issue under the peculiar facts of this case.
This statute applies to a consignment of goods and provides that goods delivered primarily for resale, as appears to be the case here, are subject to the claims of a buyer's creditor while in the buyer's possession. § 672.326(2). In order to prevail over a creditor's claim, however, the supplier of the goods must comply with section 672.326(3) by providing some form of public notice of a retained interest in the goods.[6]Georgia-Pacific Corp. v. Walter E. Heller & Co. Southeast, Inc., 440 So.2d 666, 672 (Fla. 1st DCA 1983). As the court noted in Georgia-Pacific, the legislative history of the statute "indicates that a consignee's creditors are to be protected from secret reservations in ostensible ownership situations." 440 So.2d at 669. Thus, "[s]ection 672.326(3), Florida Statutes, was enacted for the purpose of protecting creditors of a merchant who is the apparent owner of goods located at the place of business of the merchant." 440 So.2d at 669.
Based on our review of this record, we conclude that there is a complete absence of competent, substantial evidence to support the trial court's determination that certain unknown suppliers of Splendid Swan had claims superior to Lynch's landlord lien in one-half of the removed property. Other than the conclusory, unsubstantiated testimony of appellees Kathy Engler and Judith Hirsch, there is nothing in the record indicating that these suppliers ever gave the statutorily required public notice under section 672.326(3) of any retained interest in this property either prior to the commencement of the lease or prior to the property being placed on the leased premises.[7] Additionally, the record is devoid of any evidence that Lynch agreed to subordinate its lien to that of the suppliers. Thus, under section 83.08(2), Lynch's landlord lien attached to the full value of the removed property and was superior to the claims which these appellees alleged were due Splendid Swan's suppliers for unpaid inventory.
*991 Although we recognize that a trial court's judgment, rendered in a non-jury setting, comes to this court clothed with a presumption of correctness, nevertheless, it becomes our duty to reverse when the judgment is not supported by competent, substantial evidence. Randy Int'l, Ltd. v. American Excess Corp., 501 So.2d 667 (Fla. 3d DCA 1987). Accordingly, we conclude, on the evidence presented, that the trial court erred by reducing the amount of Lynch's landlord lien by one-half. We, therefore, reverse the award of this offset and remand for the entry of an amended judgment.
Affirmed in part, reversed in part, and remanded with directions.
PARKER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] §§ 83.08 and 83.11, Fla. Stat. (1991).
[2] §§ 818.01 and 818.03, Fla. Stat. (1991).
[3] We recite only those portions of the stipulation which are germane to our resolution of the offset issue.
[4] Lynch obtained a final judgment against Splendid Swan for the full amount of its rental damages. After issuance of a writ of execution, however, Splendid Swan successfully sought protection under chapter 7 of the United States Bankruptcy Code. Thus, Lynch's judgment against Splendid Swan has never been satisfied.
[5] The legislature first enacted this statutory lien in 1879. Ch. 3131, §§ 1, 9, and 10, Laws of Fla. (1879). The statute assumed its present form in 1906. Gen.Stat. 1906, § 2237. It has remained unchanged to the present time.
[6] Such notice may consist of compliance "with the filing provisions of the chapter on secured transactions (chapter 679)." § 672.326(3)(c).
[7] On motion for rehearing, appellees' counsel argued to the trial court that "while there was no evidence provided that U.C.C. 1's were filed, plaintiff provided no evidence that U.C.C. 1's were not filed." This argument overlooks the law that set-off is an affirmative defense. Skaf's Jewelers, Inc. v. Antwerp Import Corp., 150 So.2d 260 (Fla. 2d DCA 1963). Thus, the appellees bore the burden of proving it. Ferry-Morse Feed Co. v. Hitchcock, 426 So.2d 958 (Fla. 1983).