662 So.2d 1317 (1995)
BEASON-SIMONS, d/b/a Beason-Simons, Ltd., Inc., Appellant,
v.
AVION TECHNOLOGIES, INC., Snet Credit, Inc., and Unitron Incorporated, Appellees.
No. 94-2712.
District Court of Appeal of Florida, Fourth District.
November 1, 1995.
Rehearing Denied December 15, 1995.
*1318 Robert L. Feldman, Coral Gables, for Appellant.
William W. Haury, Jr. of the Law Offices of William W. Haury, Jr., Ft. Lauderdale, for Appellee-Unitron Incorporated.
KLEIN, Judge.
The trial court concluded that a landlord's statutory lien on a piece of equipment was inferior to the unpaid seller's right to reclaim the equipment. We reverse because the landlord's statutory lien is superior to this seller's unperfected security interest.
Appellee Unitron delivered and installed an electronic frequency converter on premises leased to Avion by landlord Beason-Simon. The sales contract for the equipment provided that title to the equipment would remain with the seller until the purchaser made full payment; however, the seller did not record the purchasing agreement or file a UCC financing statement.
The purchaser of the converter, who did not pay for it, abandoned the leased premises, and the landlord and the seller each claimed that they were entitled to the converter  the landlord by virtue of its statutory landlord's lien under section 83.08(2), Florida Statutes (1989), and the seller by virtue of a right of reclamation under section 672.507(2), Florida Statutes (1989).
Section 83.08 provides in part:
Landlord's lien for rent.  Every person to whom rent may be due ... shall have a lien for such rent upon the property found upon or off the premises leased or rented, and in the possession of any person, as follows:
* * * * * *
(2) Upon all other property of the lessee or his sublessee or assigns, usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of the property on the premises leased.
A landlord's statutory lien is not required to be filed or recorded in order to be perfected, and attaches at the commencement of tenancy or as soon as the property is brought onto the premises. Lovett v. Lee, 141 Fla. 395, 193 So. 538, 542 (Fla. 1940). See also Fla. E. Coast Properties, Inc. v. Best Contract Furnishings, Inc., 593 So.2d 560, 562, n. 6 (Fla. 3d DCA 1992).
Section 672.507(2), Florida Statutes (1989), on which seller relies, provides:
Effect of seller's tender; delivery on condition. 
* * * * * *
(2) Where payment is due and demanded on the delivery to the buyer of goods or documents of title, his right as against the seller to retain or dispose of them is conditional upon his making the payment due.
The problem with the seller's argument, and thus with the resolution of the issue by the trial court, is that although section 672.507(2) gives an unpaid seller an interest superior to that of the buyer, it does not determine priorities between an unpaid seller and a third party such as a landlord. Fla. E. Coast Properties, 593 So.2d at 562. See also Suburbia Fed. Sav. & Loan Ass'n v. Bel-Air Conditioning Co., 385 So.2d 1151 (Fla. 4th DCA 1980) (a construction mortgage on real property was superior in priority to the claim of a seller of air conditioning equipment which had been installed on the property, where the seller's claim was only by virtue of a retain title contract and not by a perfected security interest).
As the court observed in Fla. East Coast Properties, the seller of this equipment could have protected itself by perfecting its security interest under the UCC before delivery to *1319 the premises.[1] 593 So.2d at 562 n. 8. Because this seller did not perfect its security interest the landlord's lien was superior. We therefore reverse.
GUNTHER, C.J., and FARMER, J., concur.
NOTES
[1] Whether a seller's right of reclamation under section 672.702, Florida Statutes, where seller discovers buyer is insolvent after delivery, is not involved here. We are not, therefore, determining who would have priority between the seller and the landlord under those circumstances.