PARIENTE, Judge.
Following default by Inverrary Cinema Corp. (tenant), appellee Port Douglas (landlord) and appellants/ehattel-mortgage holders Kenneth L. Robie and Barbara G. Robie (creditors) each asserted a lien to claim possession of certain equipment in tenant’s movie theater: projectors, sound systems, a ticket dispenser, and a popcorn popper. We reverse the trial court’s determination that landlord’s statutory lien on the equipment was superior to the chattel mortgage because, in this ease, landlord and tenant terminated the original lease prior to any default of tenant’s lease obligations and entered into a new lease after creditors’ security interest was perfected.
Following the assignment of a lease by R & R Cinemas, Inc., a company owned by creditors, tenant took possession of the leased premises, a movie theater. In connection with this assignment, creditors filed a Form UCC-1 securing “[a]ll of the furnishings, furniture and equipment of theater located at [the leased premises.]” After perfection of creditors’ security interest, landlord and tenant executed a lease termination agreement. The lease termination agreement provided in pertinent part that:
THE PARTIES HERETO mutually release one another, and their respective successors and assigns, from any and all duties and obligations under the Lease, effective from and after the execution of these presents.
On the same day, landlord and tenant entered into a new lease agreement. The new lease agreement varied from the original agreement with respect to terms such as the length of the lease and calculation of rent due. Execution of both the lease termination agreement and the new lease agreement were for the mutual benefit of landlord and tenant. At this time, tenant was current in its lease payments.
Section 83.08, Florida Statutes (1993), provides in relevant part:
Landlord’s Lien for rent. — every person to whom rent may be due, his heirs, executors, administrators or assigns, shall have a lien for such rent upon the property found upon or off the premises leased or rented, and in the possession of any person, as follows: ...
(2) Upon all other property of the lessee or his sublessee or assigns, usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of the property on the premises leased.
*1391 A landlord’s statutory lien, which is not required to be filed or recorded in order to be perfected, attaches at the commencement of the tenancy or as soon as the property is brought onto the premises. Lovett v. Lee, 141 Fla. 395, 193 So. 538, 542 (Fla.1940); Beason-Simons v. Avion Technologies, Inc., 662 So.2d 1317 (Fla. 4th DCA November 1, 1995). Section 83.08 therefore granted priority to landlord’s lien derived from the original lease over the subsequently perfected chattel mortgage. See G.M.C.A. Corp. v. Noni, Inc., 227 So.2d 891 (Fla. 3d DCA 1969), disapproved on other grounds, Walling Enters. v. Mathias, 636 So.2d 1294 (Fla.1994).
However, as stated by the third district in Flowers v. Centrust Savings Bank, 556 So.2d 1123, 1125 (Fla. 3d DCA 1989):
Nowhere in the statute does it indicate that the superiority of a landlord’s lien over a subsequent lienholder continues after the lease period has ended, the lease’s terms and conditions fulfilled, and a new lease is entered into between the same landlord and the same tenant.... [W]hen the commencement of a tenancy, based upon a lease, creates a statutory landlord’s lien, pursuant to section 83.08, Florida Statutes, such lien is viable only as long as the underlying lease exists. Once the tenant’s obligations have been met under the lease, the landlord’s lien is extinguished and any other inferior liens may ripen to a priority superior to a landlord’s lien, which may come to fruition by virtue of the existence of a new lease.
Critical to the determination of priority in this case therefore is the fact that the second lease was neither an option nor a renewal of the first lease. See id. at 1125.
In finding in favor of landlord, the trial court relied on the fact that the new lease was between the same parties and involved the same premises as the original lease. However, the operative inquiry is whether landlord and tenant continued their relationship under the initial lease either through an extension, a renewal or an option. See id. Here, the undisputed facts show that the parties did not continue their relationship under the original lease. The chattel mortgage holder, while not having priority over the original lease, gained priority when the original lease was terminated and retained its priority over the subsequently executed lease.
The trial court here relied on Sachs v. Curry-Thomas Hardware, Inc., 464 So.2d 597 (Fla. 1st DCA 1985), in its determination that landlord’s lien had priority. According to Sachs, the mere substitution of tenants under a lease does not obliterate a landlord’s lien. Id. at 600. However, the holding in Sachs is predicated on the fact that the substitution of tenants was made necessary due to a rental default by the previous tenant. Id. at 601. In that case, “there existed at all times ... a tenancy based on a lease, under which [the landlord] could have initiated an action for unpaid rent.” Id. at 600.
Thus, as in Flowers, had landlord and tenant here “continued their relationship under the initial lease, renewed the initial lease, exercised an option under the initial lease, or had the tenant failed to fulfill the terms and conditions of the initial lease, the trial court would have been correct.” Flowers, 556 So.2d at 1125. Because none of these events occurred in this case, we reverse.
Because we reverse the trial court on the issue of hen priority, we need not reach the other issues raised in this appeal.
REVERSED AND REMANDED.
POLEN and KLEIN, JJ., concur.