HARRIS, Judge.
The Oaks Shopping Center, Inc. (Oaks) leased real property to Justice Marketing, Inc. (Justice) for a three year term. Oaks' had a landlord hen on the equipment kept on the premises. During the term of the lease but while the monthly payments were current, Justice moved out of the premises. Harry and Shelby Justice, the owners and officers of Justice, sold the equipment to a third person. Oaks sued Justice and its officers for fraud, conversion and for violation of sections 818.01 and 818.03, Florida Statutes, for removing and disposing of the equipment upon which a landlord hen existed.
Harry and Shelby Justice contended that they had loaned Justice $175,000 to acquire the equipment and thus had a purchase money hen superior to Oaks’ hen. The trial court determined that Oaks’ hen was inferior to Justice’s hen because Oaks had failed to “perfect” its hen. The trial court erred. A landlord hen is not required to be filed or recorded in order to be perfected. See Beason-Simons v. Avion Technologies, Inc., 662 So.2d 1317 (Fla. 4th DCA 1995). On the other hand, the Justice hen, even if prior in time, would not take precedence over the landlord hen because it needed to be but was not perfected. See Lynch Austin Realty, Inc. v. Engler, 647 So.2d 988 (Fla. 2d DCA 1994).
The trial court also found that there was no evidence that Harry and Shelby Justice “intentionally defeated, hindered or otherwise delayed enforcement of any hen of Plaintiff.” This finding is not supported by the record. The record is clear that the Justices were aware of the landlord hen, that they were breaching the lease by early termination, and that they were selling property subject to a landlord hen. See Littman v. Commercial Bank & Trust Co., 425 So.2d 636 (Fla. 3d DCA 1983), which held that the bank had satisfactorily estabhshed the elements of section 818.01 by showing that the defendant sold the hen-encumbered property to a third party without the consent of the bank and consequently failed to produce the property when it was demanded by the bank.
REVERSED and REMANDED for further action consistent with this opinion.
COBB and GOSHORN, JJ., concur.